ATKINSON ET AL., APPELLANTS, *v.* GRUMMAN OHIO CORPORATION ET AL., APPELLEES.

[Cite as Atkinson *v.* Grumman Ohio Corp. (1988), 37 Ohio St. 3d 80.]

(No. 87-1023—Submitted March 16, 1988—Decided June 1, 1988.)

*Spangenberg, Shibley, Traci & Lancione, Timothy A. Shimko* and *Janet I. Stich,* for appellants.

*Porter, Wright, Morris & Arthur, Charles C. Warner* and *Bradd N. Siegal,* for appellees.

DOUGLAS, J. The issue before this court is whether reasonable notice of a final order is required to be given to parties by the deciding court to protect the parties' right to appeal. We find that such notice must be given and reverse the judgment of the court of appeals.

This case presents an issue that has been previously decided by °this court. We stated in *Moldovan* v. *Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St. 3d 293, 295, 25 OBR 343, 345, 496 N.E. 2d 466, 467, that "[t]he opportunity to file a timely appeal pursuant to App. R. 4(A) is rendered meaningless when reasonable notice of an appealable order is not given." After recognizing the thrust of Fed. R. Civ. P. 77(d),[1] which requires the mailing of a notice of the entry to the parties, this court held "that failure to give reasonable notice of final appealable orders is a denial of the right to

---

[1] Fed. R. Civ. P. 77(d) provides:

"Notice of Orders or Judgments. Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules; but any party may in addition serve a notice of such entry in the manner provided in Rule 5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."

legal redress of injuries created by Section 16, Article I of the Ohio Constitution in all pending and future cases."[2] *Moldovan, supra,* at 296, 25 OBR at 345-346, 496 N.E. 2d at 468.

With *Moldovan* clearly requiring reasonable notice of a final order to be given to the parties, appellees attempt to distinguish the case at bar to avoid *Moldovan's* holding. Appellees fail in this attempt.

Appellees' first argument is that appellants did not raise the issue of a denial of a constitutional right at the trial level or on appeal and, therefore, this court is precluded from deciding the issue. Appellees' contention is faulty on three counts. First, the issue could not possibly have been raised before the trial court because the issue arose only after the decision of the court had been made. The issue concerns the procedure for notifying the parties of a judgment entry after the trial court decision, and not any matter heard in the trial court.

Second, appellants did raise in the court of appeals the issue of the lack of notice of the judgment entry. After appellants filed their notice of appeal, appellees responded by filing a motion to dismiss for lack of jurisdiction on the basis that the notice of appeal was not timely filed pursuant to App. R. 4(A). In appellants' brief in opposition to the motion to dismiss, appellants argued that the notice of appeal was not filed until January 22, 1987, because they did not know, until January 9, 1987, that a judgment entry had been filed. Appellants' unrefuted affidavits to this effect clearly raise the issue of the right to reasonable notice of a final order, the very issue decided by *Moldovan, supra.*

Third, appellees attempt to avoid the application of *Moldovan* by relying on *State* v. *Awan* (1986), 22 Ohio St. 3d 120, 22 OBR 199, 489 N.E. 2d 277. Appellees contend that the holding of *Awan, supra,* is that this court *will not* review constitutional arguments which were not raised at the trial level or in the court of appeals. This contention ignores the exact language of *Awan.* In determining whether a constitutional issue not previously raised by the parties is to be decided by this court, the *Awan* syllabus does not use preclusive language such as "will not" or "may not"; instead, it uses the discretionary language that the court "need not" hear the argument for the first time on appeal. The holding, while rejecting the claim that constitutionality is never waived, does not state that a constitutional issue first raised on appeal may never be considered. *Id.* at 124, 22 OBR at 203, 489 N.E. 2d at 280 (Celebrezze, C.J., concurring).

Appellees further attempt to distinguish the case at bar from *Moldovan* by urging that, unlike the situation in *Moldovan,* appellants knew of the decision of the trial judge because it was announced in open court. The only thing lacking here, appellees maintain, was the signed judgment entry. Therefore, appellees argue, appellants had notice of the judgment from the date the granting of summary judgment was announced. This reasoning, however, ignores the language of Civ. R. 58, which states that "* * * [a] judgment is effective only when filed with the clerk for journalization. * * *" This

---

[2] Section 16, Article I of the Ohio Constitution, referred to as the "open courts" section, provides in part:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

court has held that "[a] court of record speaks only through its journal and not by oral pronouncement * * *." *Schenley* v. *Krauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E. 2d 625, paragraph one of the syllabus. It is not inconceivable that the judge in this or any other case might change his mind between the time of announcing a decision and the filing of a judgment entry. This underscores the purpose of Civ. R. 58 and case law sustaining the rule. "A judgment is final, effective and imbued with a permanent character when filed with the clerk pursuant to Civ. R. 58." *Cale Products, Inc.* v. *Orrville* (1982), 8 Ohio App. 3d 375, 8 OBR 489, 457 N.E. 2d 854, paragraph two of the syllabus.

Appellees also claim that appellants failed to exercise due diligence and, therefore, should not receive the protection of the *Moldovan* holding. Appellees argue that appellants should either have filed a notice of appeal immediately or have been more diligent in checking the case status with the trial judge. To follow appellees' argument, an appellant, to be diligent, would have to file a notice of appeal immediately after a trial court announces its decision. Without an entry, however, there would be no way to fully or accurately comply with App. R. 3(C), which states that the notice of appeal "shall designate the judgment * * * appealed from * * *."[3] The other way for appellants to demonstrate diligence would be to call the trial court each day to see if and when the judge signed the entry. This is not only impractical and unnecessarily burdensome, but it should also be apparent that such a course of action might also be against an appellant's best interests.

Perhaps most damaging to appellees' argument that appellants were not diligent is the fact that appellees themselves exercised less than due diligence in this case. Local Rule 12.01 of the Court of Common Pleas of Ashland County states that "[c]ounsel for the party in whose favor * * * [a] judgment is rendered, shall within five (5) days thereafter prepare a judgment entry, and submit it to Counsel for the adverse party * * *."[4] While the trial judge announced his decision on Octo-

---

[3] App. R. 3(C) states:

"Content of the notice of appeal. The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. The title of the case shall be the same as in the trial court with the designation of the appellant added, as appropriate. Form 1 in the Appendix of Forms is a suggested form of a notice of appeal."

[4] Local R. 12 of the Court of Common Pleas of Ashland County states in part:

"12.01 Unless the Court otherwise directs, Counsel for the party in whose favor an order, decree, or judgment is rendered, shall within five (5) days thereafter prepare a judgment entry, and submit it to Counsel for the adverse party, who shall approve or reject the same within five (5) days after the receipt thereof. When approved by Counsel, it shall be submitted to the Trial Judge for approval. If Counsel are unable to agree upon the form of entry, or if the same is prepared and submitted by the Counsel in whose favor the order, decree or judgment is rendered, and Counsel for the adverse party fails, neglects or refuses to either sign or return such entry, Counsel in whose favor the order, decree or judgment is rendered shall prepare a copy of such entry and submit the copy to the Trial Judge with a notation thereon that the same has been submitted to Counsel for the adverse party pursuant to Rule 12.01, and thereafter, the Trial Judge will direct what entry shall be made, or shall approve and file the copy entry submitted."

ber 6, 1986, appellees did not send appellants a proposed judgment entry for approval until on or about October 20, 1986, well outside the five-day limit set by the rule.

In addition, Loc. R. 12.02[5] of the Court of Common Pleas of Ashland County requires that within fifteen days of the judge's decision, the judgment entry must be presented to the court for filing. If the entry is not presented within such time span, counsel, upon notification from the court, shall appear before the court and state on the record the reasons for the delay. The record again indicates that this rule was not followed. Not only did appellees fail to present the court with an entry within fifteen days, but the court also failed to notify the parties and to demand the reasons for the delay. In light of these failures, it is difficult to understand appellees' claims of appellants' lack of diligence.

Appellees have failed to distinguish the case at bar from *Moldovan*. Accordingly, it might suffice for this court to again simply repeat *Moldovan's* holding. This approach, however, would not and has not solved the problem for this state's attorneys and courts. Therefore, it is now incumbent upon us to address the key issue underlying our decision in *Moldovan* and give the trial courts of Ohio some guidelines to make certain the reasonable notice requirements of *Moldovan* are met.

The hypothesis underlying any requirement of reasonable notice is that the right to appeal is a property interest that cannot be denied without due process of law. While the United States Supreme Court has long held that a "right" to appeal is not found in the Constitution, *McKane* v. *Durston* (1894), 153 U.S. 684, the court has also held that where a state provides a process of appellate review, the procedures used must comply with constitutional dictates of due process and equal protection. *Griffin* v. *Illinois* (1956), 351 U.S. 12, 18.

The Ohio Constitution does not specifically provide for a "right" to appeal. Section 3(B)(1)(f), Article IV of the Constitution provides, however, for the establishment of an appellate court system with jurisdiction "[i]n any cause on review as may be necessary to its complete determination."[6] Further, R.C. 2505.03, at the time relevant herein, provided that "[e]very final order, judgment, or decree of a court * * * may be reviewed * * * unless otherwise provided by law * * *." In addition, Ohio has adopted Appellate Rules that make every litigant entitled

---

[5] "12.02 In any event, within fifteen (15) days after verdict, decree, order or decision, the judgment entry shall be filed unless opposing Counsel reside out of the county and in which event three (3) additional days shall be allowed for each such Counsel. If an entry is not presented for filing within such time Counsel upon notification from the Court shall appear before the Court and state on the record the reasons therefore [*sic*]."

[6] Section 3(B), Article IV of the Ohio Constitution provides in part:

"(1) The courts of appeals shall have original jurisdiction in the following:
"* * *
"(f) In any cause on review as may be necessary to its complete determination.
"(2) Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies."

to "[a]n appeal as of right * * * by filing a notice of appeal * * * within the time allowed * * *." App. R. 3(A).

By developing a process of appellate review, states provide litigants with a property interest in the right to appeal. Clearly litigants cannot be deprived of this right without being granted due process of law.

Due process has been held to protect "* * * those fundamental principles of liberty and justice which lie at the base of our civil and political institutions * * *," *Hurtado* v. *California* (1884), 110 U.S. 516, 535, and to guarantee those procedures which are required for the "* * * protection of ultimate decency in a civilized society," *Adamson* v. *California* (1947), 332 U.S. 46, 61 (Frankfurter, J., concurring). On a more practical level, procedural due process places upon the government the duty to give reasonable notice, and an opportunity to be heard, to those whose interests in life, liberty or property are adversely affected by governmental action. Tribe, American Constitutional Law (2 Ed. 1988) 683, Section 10-8.

Having held that for due process purposes litigants are entitled to reasonable notice of the trial court's appealable orders, it is necessary for this court to state exactly what kind of notice constitutes reasonable notice. This question could best be answered by the Supreme Court Rules Advisory Committee after consultation with Ohio's bench, bar and court clerks' association. When more than a handful of parties are affected, creation of a new law through statutory enactment or formal administrative rulemaking is much more desirable than creation of new law through judicial decision. Unlike the courts, the legislature and administrative agencies are better able to develop, through appropriate testimony, an understanding of the need for rules and regulations. The legislature and administrative agencies can notify *all* interested parties and receive their opinions. Such bodies can freely consult experts and community leaders and they can publish tentative rules that are subject to public debate. Generally speaking, the courts cannot act in this fashion. Still, we would leave our judicial system in a morass of confusion if we failed to promulgate appropriate rules defining the limits of today's decision. We will, therefore, for the time being, adopt the rules set forth below and invite the Supreme Court Rules Advisory Committee, and Ohio's bench, bar and court clerks' association, to study these rules and recommend any changes they deem appropriate.

We have already seen that the federal system promulgated Fed. R. Civ. P. 77(d) when confronted with the questions facing us. Other jurisdictions have adopted similar rules.[7]

---

[7] Our neighbors in Kentucky, for example, have selected the following:

"(1) Immediately upon the entry in the trial court of a judgment, a final order, an order which affects the running of time for taking an appeal, or an order which by its terms is required to be served, the clerk shall serve a notice of the entry by mail in the manner provided in Rule 5 upon every party who is not in default for failure to appear. Service of notice of entry of any judgment or order under this Rule may be waived by the filing of a writing signed by the party or his attorney of record.

"(2) The clerk shall make a note in the case docket of the service required in paragraph (1) of this Rule and the notation shall show the date of service. The date of the notation on the docket of the service of notice of entry, or the date of filing a waiver if prior thereto, shall be the date of entry for the purpose of fixing the running of the time for appeal * * *." Ky. Civ. R. 77.04.

For our purposes, we believe that the following rules will meet the due process requirements contemplated by *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306. These rules are to be applied in all courts of this state in the exercise of civil jurisdiction at law, or in equity, except as stated in Civ. R. 1(C). The rules are:

A. Within three days of the entry of any final appealable judgment or order, the clerk of courts shall serve a notice of the entry in any manner provided in Civ. R. 5, upon every party who is not in default for failure to appear.

B. The clerk shall make a notation in the case docket indicating that the required service has been made.

C. Once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal.

The rules we have promulgated today[8] will impose relatively little burden on Ohio's courts, but will remove a tremendous burden from Ohio's attorneys and litigants who are presently required to constantly review the trial court's journal to see if a final judgment has been entered. In fact, our decision should aid the courts as it will no longer be necessary for them to respond to countless telephone, mail and personal inquiries regarding docket entries.[9] It also insures that the judicial process, which depends upon the active participation of adversarial lawyers and litigants, will have their full participation in most cases.

In summation, *Moldovan* requires that parties to a judgment be given reasonable notice of a final appealable order.[10] What constitutes such notice is fully expressed by the rules herein, which rules shall have only prospective application. Appellants received no such notice. Accordingly, for all the foregoing reasons, the judgment of the court of appeals is reversed and the cause is remanded to the court of appeals for consideration of appellants' appeal on the merits.

*Judgment reversed and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES and H. BROWN, JJ., concur.

LOCHER and WRIGHT, JJ., concur in judgment only.

WRIGHT, J., concurring. I concur in the result achieved by the majority insofar as I agree that a reasonable form of notice should be provided to the parties following the entry of any final appealable order. I do not agree, however, that the right of appeal should be elevated to a property interest. Further, I feel that our rules committee should craft what is "reasonable notice" as opposed to this court's doing so.

LOCHER, J., concurs in the foregoing opinion.

---

[8] Of course, any local court rule consistent with the foregoing rules would be acceptable.

[9] We are aware that many courts have already adopted procedures that comply with the rules we have promulgated today.

[10] See, also, *Walker* v. *Doup* (1988), 36 Ohio St. 3d 229, 522 N.E. 2d 1072.