[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is a criminal appeal from the Girard Municipal Court, Trumbull County, Ohio. Appellant, Richard Rodomsky, appeals from a judgment in favor of appellee, city of Girard, finding appellant guilty of violating Girard City Ordinance No. 6108-89, the Exterior Property Maintenance Code ("Code"), a third degree misdemeanor.
On or about July 30, 1996, Linda Casale ("Casale"), the City of Girard Zoning Inspector, notified appellant that he was violating the Code by allowing exposed wood and celotex, missing gutters and downspouts, yard debris, construction debris, tall weeds, dead branches, tree stumps, and peeling paint on trim on appellant's property. These violations occurred on appellant's lots number fourteen and fifteen on North State Street, and lots forty-two and forty-three on Norwood Avenue, Girard, Ohio. The charge stated that the violation would continue each and every day until corrected.
The trial court determined that on or about July 29, 1996, Casale mailed and appellant received a violation notice to correct or abate the violations Casale charged appellant with on July 30, 1996. The violation notice contained information apprising appellant of his right to appeal Casale's order to the Girard Zoning Board of Appeals ("the Board"). Appellant properly appealed Casale's order, and at its regular August 14, 1996 meeting, members of the Board unanimously voted to uphold Casale's violation notice. The trial court later found that appellant attended the Board's August meeting and was actually notified of its decision.
On December 30, 1996, Casale filed a criminal complaint with the Girard Municipal Court reiterating the charges stated in the violation notice received by appellant. On January 7, 1997, appellant appeared in court and entered a plea of "not guilty." On February 28, 1997, appellant filed a "Motion to Dismiss" the criminal complaint filed by Casale. In that motion, appellant argued that the criminal complaint was defective because it was untimely, not appropriately brought under the ordinance, and constituted double jeopardy because in September 1996, appellant was convicted and fined for the same offense in the Girard Municipal Court, in Case No. 96-CRB-57, after a full hearing on the matter.
On April 3, 1997, the Girard Municipal Court held an evidential hearing on appellant's "Motion to Dismiss." On April 4, 1997, the trial court filed a judgment entry overruling appellant's motion. The trial court held that R.C. 2505.07
provides that within thirty days after an administrative board enters a final order an appeal may be perfected to the common pleas court. Thus, the trial court determined that appellant was afforded his due process rights. The trial court also concluded that the new criminal complaint did not place appellant in double jeopardy for the same offense. The trial court reasoned that appellant's previous conviction in Case No. 96-CRB-57 constituted a separate offense from the proceeding instituted in this case because the offense giving rise to this present action occurred on a different day, and each day the violation continued constituted a separate offense.[1]
On April 14, 1997, the trial court issued a judgment entry overruling appellant's second motion to dismiss, as requested in his "Memorandum in Support of Motion to Dismiss." In that memorandum, appellant additionally argued that the Code was unconstitutional. Appellant asserted that the Code was unconstitutional if appellee contends that it need not send appellant a written notice of its decision, because "[i]t is a basic tenet of due process that the Defendant [sic] receive written notice of the administrative decision." In an April 15, 1997 judgment entry, the trial court stated that appellant's concerns raised in his memorandum were considered by the trial court in its earlier entry denying appellant's "Motion to Dismiss."
On May 1, 1997, a bench trial was held in this matter. On May 13, 1997, the trial court issued its judgment entry finding appellant guilty of charges contained in the complaint as alleged. The trial court determined that appellant had failed to correct the violations contained in the violation notice mailed by Casale. Furthermore, despite appellant's contentions to the contrary, the trial court found the following: (1) the evidence shows that no zoning certificate for the operation of any business on his property existed, nor had any application for one been submitted; (2) the pallets of bricks and construction debris were not being held for a business purpose, since those materials have remained undisturbed on appellant's property for the past six years; and (3) appellant's testimony that the stumps on the property were valuable to him as a landscaper because they had grown shoots was "completely unbelievable and unreliable." Finally, the court held that appellant made no effort to correct the violations, and the violations constituted a blight to the immediate neighborhood and their property values.
On May 22, 1997, appellant was sentenced to sixty days in jail with thirty days suspended and a fine of $500. The judgment entry further stated that the jail sentences were to be stayed and appellant was placed on probation for a period of one year, to June 1, 1998. Finally, the judgment entry provided that appellant would have until July 1, 1998, to comply with Casale's prior orders, in which case the thirty day jail term would be suspended.
On June 10, 1997, appellant filed a notice of appeal with this court seeking a reversal of his conviction and sentence. Appellant now timely asserts the following assignments of error:
 "[1.] The trial court erred to the prejudice of [a]ppellant Rodomski [sic] in not finding the Exterior Maintenance Code unconstitutional as applied to appellant Rodomsky.
 "[2.] The trial court erred to the prejudice of [a]ppellant Rodomski [sic] in not finding that the Exterior Property Maintenance Code was selectively enforced in violation of the Equal Protection [C]lause of the U.S. Constitution.
 "[3.] The trial court erred to the prejudice of [a]ppellant Rodomski [sic] by denying [a]ppellant's motion to dismiss based upon a violation of the Double Jeopardy Clause of the United States and Ohio Constitutions.
 "[4.] The trial court erred to the prejudice of [a]ppellant Rodomski [sic] by denying [a]ppellant's motion to dismiss based upon the Board of Zoning Appeals' failure to provide written notice to appellant of its `Final Order'. [sic]
 "[5.] The trial court erred to the prejudice of appellant Rodomski [sic] by finding there was a `Final Order' of the Board of Zoning Appeals on which to base the criminal prosecution."
In the first assignment of error, appellant contends that the Code is unconstitutionally vague, and amounts to an unconstitutional denial of property without due process of law because the Code is based upon aesthetic considerations, not the health, safety, morals or general welfare of the community.
This court notes that appellant failed to previously argue that the Code was unconstitutionally vague or unconstitutional because it was based upon aesthetic considerations. The record demonstrates that the only prior instance where appellant argued against the Code's constitutionality occurred in appellant's April 14, 1997, "Memorandum in Support of Motion to Dismiss."[2] In that memorandum, appellant argued that the Code was unconstitutional because it allows the Board to issue its decision without providing appellant with a written notice of its ruling. However, pursuant to Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80, 82, constitutionality arguments may be heard for the first time on appeal, if the court exercises its discretion to do so. In State v. Awan (1986), 22 Ohio St.3d 120, syllabus, the Supreme Court of Ohio held that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application * * * constitutes a waiver of such issue * * * and therefore need not be heard for the first time on appeal." Accordingly, this court will consider appellant's contention that the Code is unconstitutional. This court will not consider appellant's contention that the Code is unconstitutionally vague, because appellant has failed to address that contention in his brief as required by App.R. 12(A)(2) and 16(A)(7).
In Ohio, zoning ordinances are presumed to be constitutional.Brown v. Cleveland (1981), 66 Ohio St.2d 93; Duffy v. Bd. of Bldg. Zoning Appeals (Aug. 21, 1992), Lake App. No. 91-L-068, unreported, at 9. The party challenging a zoning ordinance's constitutionality bears the burden to demonstrate that the ordinance is not reasonably related to the public health, safety, morals, or general welfare. Duffy, supra, at 9; Neglin v. Bd. ofBldg. and Zoning Appeals (1982), 69 Ohio St.2d 492, 495. Furthermore, zoning legislation may take into account aesthetics, because there is a legitimate governmental interest in maintaining the aesthetics of a community. Hudson v. Albrecht, Inc. (1984),9 Ohio St.3d 69, paragraph one of the syllabus. Also, "[t]he monetary interests of protecting real estate from impairment and destruction of value are includable under the general welfare aspect of the municipal police power and may justify its reasonable exercise." Id. at paragraph two of the syllabus.
In the case sub judice, appellant states that it is clear that the Code is not based upon the health, safety, morals, or general welfare of the community, but has aesthetical considerations as its primary objective. In support of this contention, appellant argues that appellee has failed to demonstrate that the zoning ordinance is based in the health, safety, morals, or general welfare of the community. However, the relevant case law shows that appellant, not appellee, carries the burden to make this showing. Appellant's mere conclusory statements fail to demonstrate that the primary objective of the ordinance is to advance only aesthetic considerations. Thus, appellant's first assignment of error is not well-taken.
In the second assignment of error, appellant argues that the Code was selectively enforced by appellee as evidenced by Casale's trial testimony indicating that she had not cited appellant's neighbor for weeds in excess of six feet tall. However, appellant has failed to indicate, and this court has not discovered, any evidence in the record demonstrating that appellant raised this point before the trial court. Therefore, appellant has waived his right to argue this assignment of error before this court. Thus, appellant's second assignment of error is without merit.
Under the third assignment of error, appellant argues that his conviction in the present matter constitutes double jeopardy because he already was convicted for the same Code violations in Case No. 96-CRB-57.
In Cleveland v. Fogos (1995), 103 Ohio App.3d 39, the appellant was found not guilty of charges that he failed to properly provide adequate surfacing, grading, and drainage on land used for a parking lot. The trial court found appellant not guilty because the city failed to prove that the land was being used as a parking lot. Six months later, appellant was issued a citation for the same infraction. In a subsequent trial, appellant's motion for acquittal based on double jeopardy was overruled and appellant was convicted as charged. On appeal, the Eighth District Court of Appeals affirmed the trial court's ruling and held:
 "The enforcement of zoning codes has a certain urgency because of the danger that can result when enforcement is ignored. Therefore, the city's right to protect the safety and health of its citizens should not be hampered by a creative legal fiat that might endanger the lives of the populace. The Double Jeopardy Clause does not create an implied immunity for a continuous violation, as such a reading would hamper the enforcement of [it] * * *.
 "The zoning code is not a criminal ordinance whose purpose is to punish whenever a violation occurs, but, rather, it is an enforcement ordinance intended to compel compliance with certain fundamentals of zoning standards expected of a civilized society. Its proper enforcement cannot be defeated by a claim of double jeopardy." Id. at 47.
That court concluded its opinion by stating that a conviction or acquittal of a zoning code violation does not then permit the accused to create a perpetual nuisance by virtue of the fact that the offender was previously convicted or accused. Id. at 48.
While this court recognizes that the Double Jeopardy Clauses of the United States and Ohio Constitutions were conceived to protect the accused or convicted from a second prosecution for the same offense, we also recognize that certain zoning violations must not be permitted to continue simply because the offender was previously held accountable but failed to correct subsequent violations identical in nature. More importantly, in the present situation, the notice violation provided that the charged offense would continue each and every day thereafter until corrected. In this situation, the rules of double jeopardy do not attach to appellant's flagrant actions, because each day that the violation was not corrected a new offense occurred. Thus, appellant's third assignment of error is not well-taken.
In the fourth assignment of error, appellant asserts that the Board's failure to provide him with a written notice of its final order precluded him from appealing its decision. Thus, he claims that his administrative rights have not yet expired. Accordingly, appellant contends that the criminal prosecution was premature and constitutes reversible error.[3]
R.C. 2505.03 governs administrative appeals and provides the following:
 "(A) Every final order, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction."
R.C. 2505.07 sets forth the time for perfecting an appeal of a final order:
 "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days."
This court has consistently held that an administrative board's decision becomes a final order only after it has been journalized on the board's record. Portage Metro. Hous. Auth. v.Bd. of Zoning Appeals (Dec. 13, 1996), Portage App. No. 96-P-0197, unreported, at 6; Sea Lakes, Inc. v. Lipstreu (Sept. 18, 1992), Portage App. No. 91-P-2391, unreported, at 7. Furthermore, a board's decision is deemed "journalized" once the board's minutes are put in written form, subsequently approved, and filed. SeaLakes, supra, at 7.
 "`The minutes are reduced to written form when the secretary transcribes the notes of the board's meeting. They are approved when the board passes a motion adopting them as written or amended. Finally, they are considered filed when they are signed by the appropriate officer and recorded on the books of the board as part of its permanent record.'" Sea Lakes, supra, at 7, quoting Rider v. Lynch (Apr. 20, 1983), Summit App. No. 10935, unreported, at 2.
In Sea Lakes, supra, at 7, this court held that the date of the filing can be assumed to be the date that the minutes were adopted by the board, unless a different procedure is otherwise clearly established.
In the case sub judice, the Board upheld Casale's citation by a vote of four to zero at its August 14, 1996 meeting. Furthermore, the Code in issue in this case does not require appellee to provide appellant with written notice of its decision. Consequently, pursuant to R.C. 2505.07, appellant had thirty days from the entry of the Board's final order to appeal this matter. Thus, appellant's fourth assignment of error is not well-taken.
In the fifth assignment of error, appellant argues that because the Board failed to issue a final order, a criminal conviction can not be levied upon him. As previously discussed, this court holds that the Board issued a final order in this matter. Consequently, appellant's fifth assignment of error is meritless.
Based on the foregoing, the judgment of the trial court is affirmed. _____________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
NADER, J., concur.
[1] In Case No. 96-CRB-57, Casale caused a citation to issue against appellant in November 1995 for violating the Girard Exterior Property Maintenance Code in the identical manner now at issue. In that case, appellant pleaded guilty to violating the Code and was given sixty days to correct the zoning violations. On September 5, 1996, after appellant failed to make any corrections, appellant was fined $500.
[2] This court also notes that the memorandum was filed after the trial court already issued its judgment entry overruling appellant's "Motion to Dismiss."
[3] At oral argument the question was raised whether the zoning inspector, under the Girard municipal ordinances, was authorized to independently file a criminal complaint against appellant. After examining the applicable pertinent sections, we conclude that the zoning inspector may file a criminal complaint only after a final order for an infraction has been achieved. Pursuant to the Exterior Property Maintenance Code section 1323.06, a final order is achieved after the zoning inspector has served written notice to the party in violation or, in the case of an appeal from that notice, after the Board of Zoning Appeals has sustained the violation and properly "journalized" its decision. In this matter, the zoning inspector was empowered to file a criminal complaint only after appellant's appeal to the Board resulted in a final order.