[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Intervenor-appellant, University of Cincinnati, appeals a decision of the trial court overruling its motion to intervene. However, our review of the record shows that the trial court never journalized an entry overruling the motion. A court speaks only through its journal and not by oral pronouncement. Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 82-83,523 N.E.2d 851, 854; State v. Meister (1991), 76 Ohio App.3d 15, 19,600 N.E.2d 1103, 1105. A judgment is only final when entered by the clerk in the court's journal and appropriately time-stamped as evidence of the entry. Civ.R. 58(A); Atkinson, supra, at 83,523 N.E.2d at 854; Brackmann Communications, Inc. v. Ritter (1987),38 Ohio App.3d 107, 108, 526 N.E.2d 823, 825; State v. Ellington
(1987), 36 Ohio App.3d 76, 77-78, 521 N.E.2d 504, 506. Since no final judgment entry was ever journalized, there was no final, appealable order in this case. Consequently, this court is without jurisdiction to consider the appeal, and we, therefore, dismiss it sua sponte. General Accident Ins. Co. v. Ins. Co. ofN. Amer. (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266, 269-270; Inthe Matter of Myers (1995), 107 Ohio App.3d 489, 496,669 N.E.2d 53, 57.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
HILDEBRANDT, P.J., SUNDERMANN and WINKLER, JJ.