DECISION AND JUDGMENT ENTRY
This is the second appeal before this court from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which terminated the parental rights of appellant and awarded permanent custody of three of her minor children, Nikitia C., Cherish W. and Tacarra W., to appellee, Lucas County Children Services ("LCCS"). The court awarded legal custody of appellant's oldest child, Julius H., to his maternal grandmother. In the first appeal of this cause, this court found appellant's sole assignment of error well-taken because the juvenile court failed to enter a finding that no conflict existed in a circumstance where the children's attorney was also appointed as their guardian adlitem. In the Matter of: Julius H., Nikitia C., Cherish W. and TacarraW. (July 20, 2001), Lucas App. No. L-01-1235, unreported.
Appellant, the biological mother of Julius, Nikitia, Cherish and Tacarra, asserts the following assignments of error:
 "REAPPOINTMENT OF THE SAME ATTORNEY/GUARDIAN AD LITEM AS IN THE PRECEDING APPEAL WAS AN ABUSE OF DISCRETION, RESULTING IN PLAIN ERROR.
 "THE FINDING OF NO CONFLICT BETWEEN THE CHILDREN'S WISHES AND THEIR BEST INTEREST WAS AGAINST THE WEIGHT OF THE EVIDENCE.
 "THE GUARDIAN AD LITEM NEGLECTED HER STATUTORY DUTY BY FAILING TO SPEAK TO ALL OF THE CHILDREN, AND BY PRESENTING INSTEAD A DIGEST OF THE STATEMENTS OF THE THERAPIST AND THE CASEWORKER.
 "COPIES OF THE JUDGMENT ENTRY WERE NEVER SERVED ON THE PARTIES OR THEIR ATTORNEYS, THUS CREATING PREJUDICIAL ERROR."
We shall first address appellant's fourth assignment of error. In that assignment, she claims that reversible error occurred because she was not served with notice of final judgment in this case and because such service was not noted on the juvenile court's appearance docket. This court essentially decided this issue when LCCS filed a motion to dismiss the instant appeal as untimely. See In the Matter of: Julius H.,Nikitia C., Cherish W. and Tacarra W. (Nov. 28, 2001), Lucas App. No. L-01-1408, unreported. We shall simply reiterate at this time that while Civ.R. 58(B) requires service of notice of the judgment on all parties and notation of service on the appearance docket, the clerk's failure to do so does not, as expressly stated in Civ.R. 58, affect the validity of the judgment. See, also, Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80. Accordingly, appellant's fourth assignment of error is found not well-taken.
In her third assignment of error, appellant contends that the guardianad litem neglected her statutory obligations by failing to speak directly with all of the children. As stated previously, this is the second time that this appeal is before this court. This claimed error could have been presented in that prior appeal to this court, but was not. Therefore, it is barred from litigation in any subsequent proceeding on the same claim for relief, including this appeal, by the doctrine of resjudicata. Leonard v. TWI Networks, Inc. (March 26, 1999), Montgomery App. No. 17297, unreported, citing Grava v. Parkman (1995),73 Ohio St.3d 379 . Appellant's third assignment of error is found not well-taken.
We shall consider appellant's first and second assignments of error together. The sole issue in both of these assignments of error is whether the trial court erred in finding that there was no conflict between Diane L. Youngston's dual roles as the children's attorney and guardian ad litem.
Upon our remand, the trial court held a separate hearing on the issue of whether there was a conflict of interest between Attorney Youngston's dual capacities. Youngston was questioned by both parties and the trial court. She testified that she believed that there was no such conflict.
Youngston clarified earlier statements concerning the children's love for their mother and the award of permanent custody to LCCS. Youngston stated that when the children were removed from their mother's care, two years prior to the permanent custody hearing, they expressed a desire to be reunited with appellant if she complied with her case plan. The fact, as found by the trial court in its original judgment entry and again after our remand, that their mother failed to do so is not in dispute.
Youngston testified that she "did visit all the children on [sic] several times." She spoke to all of the children, except Cherish, just prior to the permanent custody hearing. Julius stated that he wanted to live with his grandmother. Tacarra said that she wanted to be adopted with her brothers and sister. Nikitia did not want "to go through it all again." During the two year period, Cherish expressed the most fear to Youngston about the conditions the children were forced to live in with their mother, e.g., her mother's drug addiction, the drug parties, living with drug dealers and her mother's abusive boyfriend and a police raid on their home. Although Youngston did not speak with Cherish immediately before the disposition hearing, the child's therapist told Youngston that Cherish was disgusted and angry with her mother. From this discussion, Youngston believed that there was no conflict and that "Cherish had given up on her mother like the other kids had."
Based on the foregoing testimony, the trial court entered a judgment finding no conflict between Youngston's role of attorney and that of guardian ad litem. Upon a complete review the record, we find no error in the procedure followed by the court on remand or in its making of this finding. Accordingly, appellant's first and second assignments of error are found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., James R. Sherck, J., JUDGES CONCUR.