OPINION
Appellant Richard Mills, a minor, appeals the decision of the Richland County Court of Common Pleas, Juvenile Division, which partially denied his request for juvenile detention time credit. The relevant facts leading to this appeal are as follows.
On January 5, 2000, the trial court found appellant to be a delinquent child, and simultaneously imposed a previously suspended commitment to the Department of Youth services (case 99-35748) for a period of six months to age twenty-one. In August 2000, appellant was released therefrom on parole. In October 2000, the state filed a juvenile complaint alleging appellant had violated parole by failing to report to his probation offficer. On November 3, 2000, appellant appeared before the court regarding the alleged parole violation as well as three additional misdemeanor allegations. Appellant thereupon entered admissions to all four counts. The court adjudicated appellant delinquent based on the admissions. On disposition, the court ordered that appellant's parole be revoked, but suspended the revocation and ordered him to serve sixty days in the juvenile detention center.
In early 2001, the state filed a complaint alleging new and unrelated felony charges against appellant (case 01-39628). On February 27, 2001, the court, following admissions by appellant, found appellant delinquent by reason of one count of felony robbery and one count of felony failure to comply with the order of a police officer. The court then committed appellant to DYS for a period of one year to age twenty-one on the first count, and a period of six months to age twenty-one on the second count, with both commitments to run consecutively. In the aforementioned case 99-35748, appellant's previously suspended parole revocation was imposed, and the trial court ordered disposition of three months to age twenty-one, to run consecutively to the felony commitments in case 01-39628, for a total commitment of twenty-one months to age twenty-one. The court calculated appellant's detention credit as zero days.
On May 1, 2001, appellant filed a motion to recalculate his detention credit. On October 16, 2001, the court issued a ruling awarding eleven days credit in case 01-39628, but denying appellant's request for fifty-one days in case 99-35748, representing the time spent at DYS from November 3, 2000 to December 22, 2000.
Appellant filed his notice of appeal on November 16, 2001, and herein raises the following sole Assignment of Error:
 I. THE JUVENILE COURT ERRED WHEN IT FAILED TO STATE THE TOTAL NUMBER OF DAYS RICHARD MILLS WAS HELD IN DETENTION PURSUANT TO R.C. 2151.355(F)(6), 2151.38, AND 5139.52.
As an initial matter, we are compelled to address appellant's potentially untimely notice of appeal. The judgment entry appealed is file-stamped October 16, 2001; appellant's notice of appeal was filed November 16, 2001, thirty-one days later. App.R. 4 requires a party to file the notice of appeal within thirty days of the later of the entry of the judgment or order appealed from, or, of the service of the notice of judgment in a civil case if service is not made within a three (3) day period provided in Civ.R. 58(B). We note the Ohio Supreme Court confirmed that juvenile court actions are civil proceedings in In re Anderson
(2001), 92 Ohio St.3d 63, and appeals of such are governed by App.R. 4(A). See In re Keith (Sept. 25, 2001), Franklin App. No. 01AP-228, unreported. The Ohio Supreme Court has also made clear that "[o]nce the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served." Atkinsonv. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, paragraph 2c of the syllabus. However, the record and docket in the case sub judice do not clearly specify whether service was accomplished by U.S. mail, hand delivery, court mailbox, or some other method. Cf. Civ.R. 5(B). We thus cannot say with reasonable certainty that an App.R. 4 violation occurred.
Proceeding to the merits, appellant argues that the trial court erred in failing to state in its judgment entry the fifty-one days of his detention, for later utilization by DYS in granting credit on appellant's commitment. We agree.
Former R.C. 2151.355(F)(6) (repealed effective January 1, 2002) required the court in certain cases to state in its order of commitment the total number of days that the child had been held in detention in connection with the complaint upon which the order of commitment is based. The statute then mandated that "[t]he department [of youth services] shall reduce the minimum period of institutionalization or minimum period of institutionalization in a secure facility specified in division (A)(4) or (5) of this section by * * * the total number of days that the child has been so held in detention as stated by the court in the order of commitment * * *."
In the case sub judice, the trial court granted eleven days credit in case 01-39628, emphasizing that the actions under that case number were adjudications based on acts that would be a felony of the third, fourth, or fifth degree if committed by an adult. Judgment Entry, paragraph 4. Thus, the trial court reasoned, case 01-39628 satisfied the prerequisite of R.C. 2151.355(F)(6) that the commitment be made "pursuant to division (A)(4) or (5) of this section," i.e., in adjudication of cases involving certain underlying felonies. Id. However, the court distinguished case 99-35748, finding that it was purely a parole revocation matter, rather than a felony-based juvenile adjudication pursuant to division (A)(4) or (5), and thus the time reduction provisions in R.C. 2151.355(F)(6) would not apply. Id. Therefore, the court refused to grant time credit in case 99-35748.
Appellant directs us to our recent decision in In re Dillard (Dec. 3, 2001), Stark App. Nos. 2001CA00093, 2001CA00121, unreported. In that case, a juvenile, Samara Dillard, was found delinquent by reason of committing arson. The trial court thereupon imposed a six-month commitment to DYS, stayed on condition that Dillard not violate any court order, probation, or law. The state thereafter filed a complaint alleging violation of the court's prior orders. Dillard admitted to the violation, and on July 21, 2000 was placed at the Multi-County Residential Treatment Center until further order of the court. On December 27, 2000, appellant appeared in court and admitted to violating the court's prior order again. On January 24, 2001, the court held a dispositional hearing, and committed appellant to DYS for a minimum of six months and a maximum period not to exceed her twenty-first birthday. Dillard likewise appealed the trial court's failure to grant her a credit for time served at the Attention Center and Multi-County Residential Treatment Center towards the balance of her commitment. This Court reversed, summarizing as follows:
 Appellant's plea of true to the charge of violation of a prior court order stemmed from the conditions of probation placed upon her for the original arson charge. The new charge of violation of a prior court order is a condition of probation, not a separate criminal offense bringing with it a separate sentence. Had the State brought a complaint for contempt of court for violation of the prior court order, that may be considered a new charge, but upon this record, it appears the only criminal charge against appellant was the original charge of arson. We find the trial court erred in not giving appellant credit for time served after she pled true to the charge of violating a prior order.
Id. at 5.
In the case sub judice, as hereinbefore noted, the state indeed filed a new juvenile complaint on October 30, 2000, alleging appellant appeared to be delinquent in that he had violated parole by failing to report to his probation officer. However, the delinquent allegation therein, as per our language in Dillard, is based "not [on] a separate criminal offense bringing with it a separate sentence." Rather, the fifty-one days at DYS at issue were still connected with the original delinquency action of January 5, 2000 (case 99-35748), as envisioned in R.C. 2151.355(F)(6). Therefore, the trial court erred in failing to state the fifty-one days in its order of October 16, 2001.
Appellant's sole Assignment of Error is sustained.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: WISE, P.J. BOGGINS, J., concurs. EDWARDS, J., dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Richland County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to appellee.