OPINION
{¶ 1} The appellant, Lambert Studer, appeals the October 24, 2001 judgment entry of conviction and sentencing of the Municipal Court of Upper Sandusky, Wyandot County, Ohio.
 {¶ 2} A review of the record reveals that Studer was stopped by the Ohio State Highway Patrol on October 3, 2001, for driving his vehicle at 70 miles per hour, a speed in excess of the posted speed limit of 55 miles per hour. The ticket reflects that Studer was charged with violating Ohio Revised Code section 4511.21(D)(1). Studer filed a motion to dismiss on October 15, 2001, the same date that his arraignment was held. The trial court entered a plea of not guilty on behalf of the defendant at this time. In addition, the court set a trial date for October 24, 2001, and determined that Studer's motion to dismiss would be heard at that time. On October 24, 2001, the court overruled the motion to dismiss, and the bench trial proceeded. At the conclusion of the evidence, which consisted of the testimony of the Trooper that conducted the stop of Studer's vehicle and Studer, himself, the trial court found him guilty of speeding and sentenced him accordingly. This appeal followed, and Studer now asserts three assignments of error.
 {¶ 3} "THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT'S MOTION TO DISMISS, ON THE BASIS THAT THE TRAFFIC TICKET WAS NOT THE PROPER SIZE, AS REQUIRED BY TRAF. R. 3(B) TO BE CONSIDERED UNDER THE OHIO UNIFORM TRAFFIC TICKET, AND THAT THE TRAFFIC TICKET WAS NOT PROPERLY, NOR COMPLETELY FILLED OUT BY THE ISSUING LAW ENFORCEMENT OFFICER, AS REQUIRED PURSUANT TO TRAF. R. 3(D)."
 {¶ 4} The Traffic Rules of Ohio provide that in traffic cases, law enforcement must use the Ohio Uniform Traffic Ticket. Traf.R. 3. This ticket must be four and one-fourth inches in width and nine and one-half inches in length. Traf.R. 3(B). However, "[a]bsent a showing by defendant that the city's failure to use the prescribed ticket prejudiced his right to know the nature and cause of the accusation against him, or his ability to defend against that accusation, the complaint was not defective nor invalid." City of Cleveland v. Winchell (1981),3 Ohio App.3d 186, 188, citing State v. Oliver (1972), 32 Ohio St.2d 109.
 {¶ 5} Studer maintains that his ticket was not the required length, and the appellee admits that the ticket is approximately one-tenth of an inch too long. In addition, Studer asserts that the back of the ticket was not completed. Although the appellee does not dispute that the reverse side of the ticket issued to Studer was not completed, it contends that the information sheet and envelope provided by the trooper at the time the ticket was issued provided the same, if not more, information as the reverse side of the actual ticket.
 {¶ 6} Our review of the ticket and copy of the information sheet given to Studer reveal that Studer had notice of the alleged rate of speed he was traveling, the device used to determine that speed, the time, place, and road conditions for the location of the alleged traffic violation, the posted speed for that area, the section number of the Ohio Revised Code he allegedly violated, his personal identification indicators, the title and address of court in which he was to initially appear, the date of his initial appearance, the name of the trooper, the amount of the fine, a phone number to call for any questions, and payment information. Thus, the ticket was neither defective or invalid because it adequately apprised Studer of the nature and cause of the accusation against him and did not affect his ability to defend against that accusation. Since Studer has failed to establish that the variances prejudiced any of his substantial rights, the variances must be disregarded as harmless for this case. See Crim.R. 52. Therefore, this assignment of error is overruled.
 {¶ 7} "THE TRIAL COURT ERRED BY REFUSING TO RULE ON APPELLANT'S PRE-PLEA MOTION TO DISMISS UNTIL JUST RIGHT BEFORE TRIAL SCHEDULED ON THE MERITS OF THE CASE, AND FAILED TO NOTIFY APPELLANT OF THE JUDGMENT RENDERED BY MAIL, PURSUANT TO ATKINSON V. OHIO GUMMAN CORPORATION
(1988), 37 Ohio 3d 80; 523 N.E.2d 851."
 {¶ 8} Studer next contends that the trial court did not timely rule upon his motion to dismiss, leaving him unprepared for trial, and failed to notify him by mail of the court's ruling upon this motion. While the Traffic Rules provide that pre-trial motions "shall be timely determined before trial[,]" they do not state that a party must be notified by mail of the court's ruling. Traf.R. 11(E). However, Studer cites a civil case, Atkinson v. Ohio Gumman Corp. (1988), 37 Ohio St.3d 80, in support of his assertion that he had to be provided a copy of the court's judgment. Even assuming arguendo that Atkinson applies to traffic-related cases, the rule of law is that this notification by mail applies only to final appealable judgments or orders to ensure that a party suffers no prejudice by a final judgment of which he was unaware. Thus, notice by mail of the court's decision to overrule Studer's motion to dismiss was not required. Moreover, Studer does not dispute that he was present when the court overruled his motion before proceeding to a trial on the merits, thus demonstrating that he suffered no prejudice thereby.
 {¶ 9} In addition, this motion was filed on October 15, 2001, and decided nine days later on October 24, 2001, immediately prior to the commencement of trial. The filings in this case reflect that the parties, including Studer, were aware that the motion would be heard on this date and that the trial was also scheduled at this time. As Studer was aware that the court would proceed in this matter, he should have been prepared to go to trial on that date. Thus, any prejudice suffered by Studer because he was unprepared for trial was due to his own neglect and not that of the trial court. Accordingly, the second assignment of error is overruled.
 {¶ 10} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY TRYING APPELLANT ON AN ALLEGED TRAFFIC INFRACTION, WITH THE CITY OF UPPER SANDUSKY AS THE PLAINTIFF-APPELLEE, ALL THE WHILE LACKING PROPER JURISDICTION OVER THE APPELLANT."
 {¶ 11} Studer next asserts that the City of Upper Sandusky did not have jurisdiction to try him because the alleged violation did not occur within the city limits. However, in making this argument, Studer ignores the fact that he was charged with violating the Ohio Revised Code, not a municipal ordinance of the City of Upper Sandusky. As such, the alleged traffic violation was against the State of Ohio rather than the city. Thus, the prosecuting party was the State of Ohio. In addition, this case was never captioned in the trial court as City of Upper Sandusky v. Studer. Rather, Studer was the one who first captioned the case in that manner when he filed his motion to dismiss. In fact, the case was captioned in this Court as City of Upper Sandusky v. Studer only because Studer's notice of appeal carried such a caption. Studer does not allege, nor does the record support, that the offense occurred outside of the State of Ohio. Therefore, jurisdiction was proper, and the third assignment of error is overruled.
 {¶ 12} For these reasons, the judgment of the Municipal Court of Upper Sandusky, Wyandot County, Ohio, is affirmed.
Judgment affirmed.
 HADLEY and WALTERS, JJ., concur.