OPINION.
{¶ 1} Defendant-appellant, Lisa Barclay, appeals from various judgments of the Franklin County Court of Common Pleas in favor of plaintiff-appellee, Bank of New York, in appellee's foreclosure action.
 {¶ 2} Appellee initiated this case with a complaint in foreclosure, naming as defendants Lisa Barclay, various John Does, and Divine Endeavors, LLC. The complaint alleged that appellee was the holder of a note and corresponding mortgage executed by appellant, that the amount owed was $53,747.02, with interest from October 1, 2001, and that appellee was entitled to foreclosure and sale of the subject property located at 265-267 Belvidere Avenue, Columbus, Ohio. The John Doe defendants are described as the unknown spouse of Lisa Barclay and unknown occupants of the subject property. Divine Endeavors is named as a defendant because it holds a junior mortgage on the same property. Ajamu M. Kafele, who has joined in the notice of appeal from the trial court, is named in the complaint as the statutory agent for Divine Endeavors but not as a party personally.
 {¶ 3} Appellant did not respond to the complaint with an answer or any other filing. On December 26, 2002, appellee filed a motion for default judgment. On January 7, 2003, the trial court granted default judgment in favor of appellee. Appellant thereafter filed her first pleadings in the case, a "Notice of Lis Pendens," on January 14, 2003, and a "Notice of Non-Waiver of Unalienable Rights and Notice of Criminal Activity" on January 21, 2003. On motion by appellee, the trial court struck both as unresponsive pleadings by judgment entered March 26, 2003. Appellant thereafter filed a "Notice of Civil Rights Violations [-] Notice of Void Judgment as an Operation of Law," on April 7, 2003, asserting a lack of jurisdiction on the part of the trial court. The trial court entered judgment confirming sale of the property and distribution of the proceeds on May 9, 2003.
 {¶ 4} On October 30, 2003, appellant filed a "Verified Motion to Vacate Foreclosure Sale and all Orders/Judgments of the Court and Set Aside a Fraudulent Conveyance of Property." Appellee and the court treated this as a motion for relief from judgment pursuant to Civ.R 60(B). Appellee filed a memorandum contra, and the trial court, on December 11, 2003, entered judgment denying the motion for relief from judgment. Appellant filed her notice of appeal on January 12, 2004, seeking to appeal from the foreclosure judgment of January 7, 2003; the confirmation of sale order of May 9, 2003; and the December 11, 2003 judgment denying appellant's motion for relief from judgment. Appellant brings the following assignments of error:
1. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, denied motion to vacate, and confirmation of sale of the property for benefit of Plaintiff where there is a Lis Pendens in place by the Defendants requiring that the status quo of the property be maintained and not sold.
2. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, denied motion to vacate, and confirmation of sale for Plaintiff and the Plaintiff is not holder in due course of a claim against Defendants or the subject property, and one entitled to enforce an instrument.
3. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, denied motion to vacate, and confirmation of sale for Plaintiff without allegation and evidence of an economic injury, by way of an evidentiary hearing, from the supposed breach of contract.
4. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, denied motion to vacate, and confirmation of sale for Plaintiff while the Defendants were not subject to debt collection action by the Attorney-Debt Collector on behalf of the Plaintiff pursuant to the rights, privileges, and immunities enumerated in the Fair Debt Collection Practices Act-15 U.S.C. § 1692 et seq.
5. The Trial Court erred to the prejudice of Defendants-Appellants when it entered judgment for foreclosure, denied motion to vacate, and confirmation of sale to deprive Defendants of their property interest without affording them due process and equal protection of law and denied Defendants their rights, privileges, immunities under, not limited to, the U.S. Constitution.
6. The Trial Court erred to the prejudice of Defendants-Appellants when it failed to vacate the foreclosure judgment and sale, and set aside a fraudulent conveyance of the property?
 {¶ 5} We will first address some preliminary questions in connection with this appeal. We note that the notice of appeal is timely only as to the trial court's denial of appellant's Civ.R. 60(B) motion. All errors asserted by appellant will therefore be addressed under the standard appropriate to such a denial.
 {¶ 6} While appellant argues that she never received notice of the trial court's final judgment, and that her time to appeal from the initial judgment of foreclosure must therefore be extended pursuant to Atkinson v. Grumman Ohio Corp. (1988),37 Ohio St.3d 80, Atkinson only applies to cases in which parties are not in default. Id., syllabus; Florence v. Paquette (Dec. 27, 1990), Franklin App. No. 90AP-496. Appellant never entered an appearance or defended the action prior to the January 7, 2003 entry, and thus any alleged failure to receive notice of the trial court's entry of default judgment does not extend the time to appeal under Atkinson.
 {¶ 7} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must demonstrate that: (1) she has a meritorious defense or claim to present if relief is granted; (2) she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time from entry of the judgment sought to be vacated. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146. The grounds for relief provided under Civ.R. 60(B) are as follows:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *
 {¶ 8} Assuming, arguendo, that the motion was timely brought and relief is warranted under the catch-all provision of Civ.R. 60(B)(5), appellant under the third prong of GTE AutomaticElectric must show that a meritorious defense existed. Appellant asserts that a number of defenses would have prevented judgment in favor of appellee and warrant relief from judgment. Appellant first argues that application of the doctrine of lis pendens based upon involvement of the property in appellant's bankruptcy case in Federal Court would bar any transfer of title of the property in the foreclosure action. Appellant also argues that application of the federal Fair Debt Collection Practices Act, Section 1692(a) et seq., Title 15, U.S. Code, operated to deprive the trial court of jurisdiction in the present case. Both of these arguments were addressed at length and rejected in a recent companion case before this court, Bank of New York v. Barclay,
Franklin App. No. 03AP-844, 2004-Ohio-1217. In that case, we also rejected appellant's arguments that appellee had failed to substantiate any economic injury from nonpayment of the note, and that appellee must be a holder in due course, rather than merely a holder, in order to pursue an action for collection and foreclosure. Those arguments are equally inapplicable in the present case.
 {¶ 9} In the present case, appellant also raises allegations of fraud on the part of appellee and a failure of consideration based upon the form in which the loan proceeds were disbursed. These arguments are generally based on arbitrarily selective application of federal banking regulations, intricate misapplication of substantially irrelevant economic theory, baroque sound-money concepts, and statutory interpretation so far removed from the plain language of the law as to credit Congress with the intent to legislate by innuendo. All arguments in this vein appear ultimately grounded in the theory that no debt need ever be repaid but at the option and convenience of the debtor. While appellant makes free with general accusations of misconduct by appellee or violation of the supposed letter of federal regulation as rewritten to appellant's benefit, appellant is much less forthcoming with operative facts or judicial precedent to support such allegations. The trial court was not obligated to manufacture fully developed arguments of this nature and speculate upon the existence of substantiating facts to support them; neither are we. These allegations were simply insufficient to raise a meritorious defense to the previously entered default judgment. As one federal court has noted in frustration when addressing similarly tortuous attempts to stand the American monetary system on its head, "undeveloped arguments are waived and bald assertions are worthless." Jackson v. Check 'n Go ofIllinois (N.D. Ill. 2000), 193 F.R.D. 544, 546.
 {¶ 10} In light of appellant's failure to develop the existence of a meritorious defense, we find that the trial court did not err in denying appellant's motion for relief from judgment under Civ.R. 60(B). Appellant's six assignments of error are accordingly overruled.
 {¶ 11} Finally, we turn to a pending motion before this court to dismiss appellant's notice of appeal as to the judgment entry and decree in foreclosure and the order confirming sale. Appellee's motion is granted as outlined in the above discussion of the timeliness of the notice of appeal. We also address appellee's motion to dismiss Ajamu M. Kafele as a party to the appeal. Mr. Kafele was not named as a defendant personally in the trial court, appears on the complaint only as the statutory agent for Divine Endeavors, LLC, and never moved personally to intervene in the trial court or before this court beyond placing his name on the notice of appeal. For the reasons given in many prior decisions of this court in companion cases, Mr. Kafele, who is neither a party in the trial court, nor signatory to the note and mortgage, nor a record holder of title to the property in question, lacks standing to appear in this appeal and is dismissed as a party.
 {¶ 12} In accordance with the foregoing, appellant's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas affirmed. Appellee's motion to dismiss appellant's notice of appeal in part is granted, and appellee's motion to dismiss Ajamu Kafele as a party to the appeal is also granted.
Judgment affirmed; motion to dismiss notice of appeal in part and motion to dismiss Ajamu Kafele granted.
Bryant and Klatt, JJ., concur.