DECISION AND JUDGMENT ENTRY
{¶ 1} In March 2006, defendants, Dee Marino, Toledo Hospital/ProMedica Health System, Elizabeth Huntoon, M.D., and OccuHealth ("the Toledo Hospital defendants"), through their attorney, filed a motion for leave to file a cross appeal instanter. Defendant, Walter P. Grady, D.C., has filed a motion asking for the same relief, leave to file a cross-appeal. For the reasons that follow, we grant these motions.
{¶ 2} On December 28, 2005, a final judgment was entered by the trial court against plaintiff's attorneys, David Pheils and Patrick Millican. The judgment granted the Toledo Hospital defendants and defendant Grady an award for attorney fees and expenses. Notice of this judgment was served by the clerk of court upon all parties or their attorneys on January 3, 2006, pursuant to Civ.R. 58(B). On January 25, 2006, David Pheils and Patrick Millican filed a notice of appeal from the December 28 judgment.
{¶ 3} App.R. 4(B)(1) states:
{¶ 4} "Multiple or cross appeals. If a notice of appeal is timely filed by a party, another party may file a notice of appeal within the appeal time period otherwise prescribed by this rule or within ten days of the filing of the first notice of appeal."
{¶ 5} Thus, under the rule, the defendants' cross-appeals were due to be filed on or before February 6, 2006.
{¶ 6} The attorneys of the Toledo Hospital defendants and Grady ask for leave to file notices of cross appeal instanter because the time to file their cross appeals expired before they became aware that Pheils and Millican filed a notice of appeal. Grady's attorney states he first became aware that the appeal was filed on March 1, 2006, after he contacted Pheils to arrange for payment of the judgment. The Toledo Hospital defendants' attorney states in his affidavit that he first learned of the appeal when Grady's attorney called him on March 1, 2006.
{¶ 7} App.R. 3(E) states:
{¶ 8} "Service of the notice of appeal
{¶ 9} "The clerk of the trial court shall serve notice of the filing of a notice of appeal and, where required by local rule, a docketing statement, by mailing, or by facsimile transmission, a copy to counsel of record of each party other than the appellant, or, if a party is not represented by counsel, to the party at the party's last known address. * * * The clerk shall note on each copy served the date on which the notice of appeal was filed. Failure of the clerk to serve notice shall not affect the validity of the appeal. * * * The clerk shall note in the docket the names of the parties served, the date served, and the means of service."
{¶ 10} The trial court's docket in this case contains the following entry for January 26, 2006:
{¶ 11} "COPIES OF NOTICE OF APPEAL, PRAECIPE, AND DOCKETING STMT MAILED ORDINARY TO
 DEE MARINO AND TOLEDO HOSPITAL 2142 NORTH COVE BLVD TOLEDO OH 43606 WALTER P GRADY DC 3773 MONROE STREET TOLEDO OH 43606"
{¶ 12} We find that the clerk's service of the notice of appeal on Dee Marino, Toledo Hospital, and Walter P. Grady, D.C. does not comply with App.R. 3(E)'s requirement that service of the notice of appeal must be "to counsel of record of each party." Serving a party with notice of filing of a notice of appeal is only valid if a party is not represented by counsel.
{¶ 13} In this case, the parties wishing to file cross appeals were not properly notified that an appeal had been filed[1]
as required by App.R. 3(E).
{¶ 14} "[T]he right to appeal is a property interest that cannot be denied without due process of law. While the United States Supreme Court has long held that a `right' to appeal is not found in the Constitution, McKane v. Durston (1894),153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867, the court has also held that where a state provides a process of appellate review, the procedures used must comply with constitutional dictates of due process and equal protection. Griffin v. Illinois (1956),351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891." Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 84.
{¶ 15} In Atkinson, the court held that "reasonable notice of a final order is required to be given to parties by the deciding court to protect the parties' right to appeal," id. at 80, and where notice is not correctly given pursuant to Civ.R. 54(B), the parties' time to file an appeal does not begin to run. We find no difference between the situation where notice of the final judgment is not properly served and the present situation. Thus, we hold that the time to file a notice of cross appeal does not begin to run where notice of the filing of an appeal is not served on the other parties by the clerk of court pursuant to App.R. 3(E). Therefore, we grant the Toledo Hospital Defendants' and Walter P. Grady's motions. These parties may file their notices of cross appeal instanter.
MOTIONS GRANTED.
Handwork, J., Pietrykowski, J., Skow, J., concur.
[1] Both defendants state that they were not served with notice of the appeal by the clerk of court or by appellant's attorneys. There is no requirement that an appellant serve anyone with a copy of the notice of appeal. This is solely the duty of the clerk of court. App.R. 3(E).