OPINION *Page 2 
{¶ 1} On May 24, 2006, appellant, Bruce Peoples, filed a complaint against appellees, Jean Anne Lang, D.O., Tri-County Medical Services, Inc., Hartville Police Department, Chief George Dragovich, Mark Loiudice, and James Campbell, alleging slander, malicious prosecution, civil rights violations, negligent and intentional infliction of emotional distress, invasion of privacy and false light. These claims were based upon appellees' actions in alleging appellant sexually abused his three year old daughter. Dr. Lang, an employee of Tri-County, examined the child in question. Said examination raised a suspicion of child abuse. Dr. Lang reported her findings to Mark Loiudice, an employee of Tri-County and an officer with the Village of Hartville Police Department. Chief Dragovich is in charge of the Hartville Police Department. James Campbell is an attorney who was representing appellant's wife in a divorce proceeding. Mr. Campbell reported an allegation of sexual abuse regarding appellant and his daughter to Child Protective Services after receiving a telephone call from the mother of a friend of the child who had informed him of the alleged abuse.
 {¶ 2} All appellees filed motions to dismiss, claiming immunity as well as other defenses. Mr. Campbell filed his motion on June 21, 2006, Dr. Lang and Tri-County filed their motion on June 22, 2006, and the Hartville Police Department, Chief Dragovich and Mark Loiudice filed their motion on July 5, 2006. Appellant failed to respond. By judgment entries filed July 24, and August 2, 2006, the trial court granted the motions to dismiss. *Page 3 
 {¶ 3} On August 15, 2006, appellant filed a motion pursuant to Civ.R. 60(B) to set aside the judgments of dismissal, claiming excusable neglect. By judgment entry filed September 25, 2006, the trial court denied the motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT SETTING ASIDE ITS JUDGMENT ENTRIES DISMISSING PEOPLES' COMPLAINT BECAUSE PEOPLES DEMONSTRATED HE HAD MERITORIOUS CLAIMS, THE DEFENDANTS WOULD NOT BE PREJUDICED, AND HE SHOWED EXCUSABLE NEGLECT AS DEFINED BY CIVIL RULE 60(B)(1) — (5)."
 II {¶ 6} "UNDER THE LIBERAL CONSTRUCTION RULES ENUMERATED BY THE SUPREME COURT, THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PEOPLES' CIVIL RULE 60(B) MOTION ON THE GROUNDS OF EXCUSABLE NEGLECT, BECAUSE THE CASE WAS EARLY IN LITIGATION AND THE PARTIES WERE NOT PREJUDICED, AND BECAUSE PEOPLES DID NOT SHOW A COMPLETE DISREGARD FOR THE JUDICIAL SYSTEM."
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED PEOPLES' COMPLAINT `WITH PREJUDICE' BY VIOLATING CIVIL RULE 15, WHICH AFFORDS A PLAINTIFF WITH AN OPPORTUNITY TO AMEND THE COMPLAINT WITH LEAVE, WHICH EXPRESSLY STATES SHALL BE `FREELY GIVEN,' AND BY *Page 4 
CONVERTING DEFENDANTS' MOTIONS TO DISMISS INTO DISPOSITIVE EVIDENTIARY RULINGS AGAINST PEOPLES."
 IV {¶ 8} "CAMPBELL INTENTIONALLY MISQUOTES THE RELEVANT STATUTE TO CHANGE ITS MEANING CREATING A FRAUD ON THE TRIAL COURT AND ON THIS COURT, THEREFORE, THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED ARBITRARILY, UNREASONABLE, OR CAPRICIOUSLY BY ACCEPTING CAMPBELL'S FALSE RECITATION OF RC 2151.421(A)(1)(a) AND NOT VACATING ITS JUDGMENT ENTRIES DISMISSING THE VERIFIED COMPLAINT."
 I, II {¶ 9} Appellant claims the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. Specifically, appellant claims his complaint presented meritorious claims against each appellee, and he had adequate grounds, i.e., excusable neglect. We disagree.
 {¶ 10} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. In GTE Automatic Electric Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is *Page 5 
granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 12} Appellant based his Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect." Civ.R. 60(B)(1). As discussed by the Supreme Court of Ohio in Kay v. Glassman, Inc. (1996),76 Ohio St.3d 18, 20:
 {¶ 13} "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.' GTE Automatic Elec,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 153,1 O.O.3d 86, 90, 351 N.E.2d 113, 117; Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 21, 520 N.E.2d 564, 567, at fn. 4."
 {¶ 14} In addition, "[w]hile unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable." National City Bank v. Kessler, Franklin App. No. 03AP-312, 2003-Ohio-6938, ¶ 14. The analysis of excusable neglect turns on the facts and circumstances presented in each case. Cannell v. Bates (March 8, 2001), Franklin App. No. 00AP-915.
 {¶ 15} In the Civ.R. 60(B) motion, appellant's counsel, a sole practitioner, argued excusable neglect because of the following: *Page 6 
 {¶ 16} "Plaintiff's counsel received five motions filed by the Defendants at once, including three motions to dismiss, a motion to seal, and a frivolous motion for sanctions. Despite diligent efforts, attorney Green, who does not have the resources available to attorneys practicing in a large firm, was unable to answer all 5 motions in the 14-day period prescribed by local rule for the filing of opposition papers to any one motion."
 {¶ 17} In finding no excusable neglect, the trial court stated the following in its September 25, 2006 judgment entry:
 {¶ 18} "The Court finds the defense of `sole practitioner' to be inexcusable neglect. Counsel for Plaintiff is not a `novice to civil judicial proceedings' as in the case cited by him in support of his argument. Buckeye Cablevision, Inc. v. High Voltage Corp. (Sept. 29, 2000), 6th Dist. No. L-00-1167. He does not present any evidence of extraordinary circumstances that caused his inaction, other than his status as a sole practitioner. If Plaintiff was unable to timely respond to the motions of the seven defendants that he named in his complaint, he could have filed one motion for extension of time. Plaintiff's failure to respond in timely fashion and failure to request an extension when he knew he was unable to respond within the required time period demonstrate an inexcusable disregard for the judicial system."
 {¶ 19} We agree with the trial court's reasoning. Appellant's counsel could have filed one motion for extension of time to respond to the dismissal motions. Instead, appellant's counsel did not file anything until two weeks to almost one month after the responses to the various dismissal motions were due. *Page 7 
 {¶ 20} Upon review, we find the trial court did not abuse its discretion in finding no excusable neglect and in denying appellant's Civ.R. 60(B) motion.
 {¶ 21} Assignments of Error I and II are denied.
 III {¶ 22} Appellant claims the trial court erred in dismissing his claims "with prejudice" in violation of Civ.R. 15.
 {¶ 23} We note this assignment of error is identical in content to his previous Assignment of Error II which this court struck via judgment entry filed January 29, 2007. Therefore, this assignment will not be considered.
 IV {¶ 24} Appellant claims the trial court erred in denying his Civ.R. 60(B) motion in light of Mr. Campbell's intentional misquoting of the immunity statute, R.C. 2151.421. Essentially, appellant argues the trial court should have granted his Civ.R. 60(B) motion under subsection (3) for "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party" or subsection (5) for "any other reason justifying relief from the judgment."
 {¶ 25} We note appellant did not present these arguments to the trial court in his Civ.R. 60(B) motion. Appellant addressed the issue of excusable neglect only. Appellant's motion is devoid of any mention of fraud.
 {¶ 26} Upon review, we find appellant's arguments herein to lack merit.
 {¶ 27} Assignment of Error III is denied. *Page 8 
 {¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 By Farmer, J. Gwin, P.J. and Hoffman, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1