OPINION
{¶ 1} Plaintiff-appellant, Bruce Peoples, appeals from the May 20, 2008, Judgment Entry of the Stark County Court of Common Pleas denying his Motion Pursuant to Civil Rule 60(A).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 24, 2006, appellant Bruce Peoples filed a complaint against appellees Jean Anne Lang, D.O., Tri-County Emergency Medical Services, Inc., Tri-County Medical Services, Inc., Hartville Police Department, Chief George Dragovich, Mark Loiudice and James Campbell, alleging slander, malicious prosecution, civil rights violations, negligent and intentional infliction of emotional distress, invasion of privacy and false light. These claims were based upon appellees' actions in alleging that appellant had sexually abused his three year old daughter. Appellee Dr. Lang, an employee of Tri-County, had examined the child in question. After the examination raised a suspicion of child abuse, appellee Dr. Lang reported her findings to appellee Mark Loiudice, an employee of Tri-County and an officer with the Village of Hartville Police Department. Appellee Chief Dragovich is in charge of the Hartville Police Department. Appellee James Campbell, an attorney who was representing appellant's wife in a divorce proceeding, reported an allegation of sexual abuse regarding appellant and his daughter to Child Protective Services after receiving a telephone call from the mother of a friend of the child who had informed him of the alleged abuse.
 {¶ 3} Appellees filed Motions to Dismiss, claiming immunity as well as other defenses. Appellant did not timely respond to the same. Pursuant to Judgment Entries filed on July 24, and August 2, 2006, the trial court granted the motions to dismiss. *Page 3 
 {¶ 4} On August 15, 2006, appellant filed a motion pursuant to Civ. R. 60(B) to set aside the judgments of dismissal, claiming excusable neglect. Via a Judgment Entry filed on September 25, 2006, the trial court denied the motion.
 {¶ 5} Appellant then filed an appeal with this Court on October 17, 2006. Such case was assigned Case No. 2006 CA 00304.
 {¶ 6} Thereafter, on December 20, 2006, appellee James Campbell filed a motion in such case requesting, in part, that appellant's appeal be dismissed as untimely. Appellant, in his response filed on January 2, 2007, argued that the trial court had violated his due process rights by not properly docketing that a final appealable order was served on the parties as required by Civ. R. 58(B).
 {¶ 7} After this Court denied appellee Campbell's motion to dismiss the appeal pursuant to a Judgment Entry filed in Case No. 2006 CA 00304 on January 29, 2007, appellant, on February 8, 2007, filed a motion asking this Court to dismiss his appeal in such case as premature. Appellant, in his motion, argued, in relevant part, as follows:
 {¶ 8} "Comes now Plaintiff-Appellant, Bruce Peoples, through counsel, and moves this Court to dismiss his appeal because the Court does not yet have jurisdiction to hear the matter. The Trial Court violated Peoples' procedural due process rights, as enumerated by the Ohio Supreme Court in Atkinson v. Grumman Ohio Corp., 37 Ohio St.3d 80
(1988), and as set forth in Civil Rule 58(B). The Trial Court's failure to docket properly a final and appealable order, and its failure to docket that it properly served the final and appealable order on the parties, precludes the running of the thirty (30) day time period within which a Notice of Appeal must be filed, making the appeal premature." *Page 4 
 {¶ 9} As memorialized in a Judgment Entry filed on August 6, 2007, this Court denied appellant's motion.
 {¶ 10} Pursuant to an Opinion filed on August 13, 2007, in Peoples v.Lang, Stark App. No. 2006CA00304, 2007-Ohio-4249, this Court affirmed the judgment of the trial court granting the motions to dismiss.
 {¶ 11} Thereafter, on October 2, 2007, appellant filed a Notice of Appeal with the Ohio Supreme Court which, pursuant to an order filed on January 11, 2008, declined jurisdiction.
 {¶ 12} On February 4, 2008, appellant filed a "Motion Pursuant to Civil Rule 60(A)" in the trial court. Appellant, in his motion, argued, in relevant part, as follows:
 {¶ 13} "Following this Court's final judgment entry, entered August 2, 2006, dismissing the remaining defendants, the Court Clerk's office failed to note that it served the judgment entry on the parties. CR 58(B) requires the Clerk make that notation, and its failure to do so renders service incomplete. Bruce Peoples moves this Court, pursuant to CR 60(A), for an order that the Stark Common Pleas Court Clerk serve all parties copies of this Court's August 2, 2006 Judgment Entry of dismissal, and that it then comply with CR 58(B) by noting in the Court's journal that the order was served on the parties. . . .
 {¶ 14} "The docket entry is devoid of any entry from the Clerk indicating that service was made on the parties. And, as required by CR 58(B), until the journal notes service, service is not complete. CR 58(B) states:
 {¶ 15} "(B) Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure *Page 5 
to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)."
 {¶ 16} Appellant argued that because Civ. R. 58(A) was not complied with, "service is not complete and the appeal time does not start."
 {¶ 17} Via a Judgment Entry filed on May 20, 2008, the trial court denied appellant's motion.
 {¶ 18} Appellant now raises the following assignment of error on appeal:
 {¶ 19} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PEOPLES' MOTION PURSUANT TO CR 60(A) TO HAVE THE CLERK SERVE THE FINAL JUDGMENT ENTRY AND NOTE SERVICE ON THE APPEARANCE DOCKET, SINCE THE FAILURE OF THE CLERK TO NOTE SERVICE PRECLUDES THE START OF THE TIME WITHIN WHICH A NOTICE OF APPEAL MUST BE FILED."
 I {¶ 20} Appellant, in his sole assignment of error, argues that the trial court abused its discretion in denying his "Motion Pursuant to Civil Rule 60(A)" in the trial court. We disagree.
 {¶ 21} As is stated above, appellant, on February 8, 2007, filed a motion with this Court asking that his appeal in Case No. 2006 CA 00304 be dismissed as premature. Appellant, in such motion, argued repeatedly that the trial court's clerk had failed to *Page 6 
comply with Civ. R. 58(A) because it did not note on the docket that a final judgment had been served on the parties and that, therefore, there was no final appealable order. This Court, pursuant to a Judgment Entry filed on August 6, 2007, denied appellant's motion.
 {¶ 22} Thereafter, on February 4, 2008, appellant filed a "Motion Pursuant to Civil Rule 60(A)" in the trial court, arguing that that there was no final appealable order in this case because the clerk failed to comply with Civ. R. 58. The trial court denied such motion via a Judgment Entry filed on May 20, 2008 and appellant now appeals from such entry.
 {¶ 23} However, in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3, 462
N.E.2d 410, the Supreme Court of Ohio summarized the "law of the case" doctrine as follows: "Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Under the doctrine of the law of the case, the decision of an appellate court in a case establishes the law of that case for all subsequent proceedings therein, not only in the trial court but also in subsequent proceedings in the same reviewing court. Foster v. Wickliffe, 175 Ohio App.3d 526, 2007-Ohio-7132,888 N.E.2d 422, citing at paragraph 42, Robinson v. Pennsylvania RR.Co. (1927), 117 Ohio St. 43, 158 N.E. 83.
 {¶ 24} The issue of the clerk's alleged failure, to comply with Civ. R. 58(A) and whether, due to such failure, there was no final appealable order, was addressed by this Court. As is stated above, pursuant to a Judgment Entry filed on August 6, 2007, in appellant's initial appeal, this Court denied appellant's motion to dismiss his appeal as premature. We then addressed the merits of appellant's appeal. As noted by appellees *Page 7 
Hartville Police Department, et al in their brief, "the August 6, 2007 Judgment Entry . . . remains the law of this case on the legal question of whether there was a final appealable order and whether the appeal time had begun to run. This is the very question at the heart of Appellant's Civ. R. 60(A) motion filed on February 4, 2008."
 {¶ 25} Based on the doctrine of the law of the case, we will not further analyze this issue, as it was fully addressed with respect to appellant's original appeal in the case sub judice.
 {¶ 26} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
By: Edwards, J. Gwin, P.J. and Wise, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1