OPINION
{¶ 1} Defendant-appellant, Delphia Consulting, LLC, appeals from two judgments of the Franklin County Court of Common Pleas: (1) a judgment that denied appellant's motion for stay of execution, motion to dismiss garnishment, in part, and motion for relief pursuant to Civ.R. 60(B); and (2) a judgment that denied appellant's motion to issue proper notice, dissolved the stay of execution, and ordered the clerk of courts to distribute proceeds of the garnishment to plaintiff-appellee, Jerry W. Leonard. For the following reasons, we affirm. *Page 2 
 {¶ 2} Appellee brought a breach of contract claim against appellant to recover commissions allegedly due him under his employment contract. Ultimately, both parties filed motions for summary judgment. Noting that the "parties see no genuine dispute of fact material to the contract interpretation question upon which the case turns," the trial court decided the issue as a matter of law, granted summary judgment in favor of appellee, and awarded appellee $11,472.15 in damages.
 {¶ 3} Appellee's counsel sent a proposed judgment entry to appellant's counsel for approval. Appellant's counsel refused to approve the judgment entry. Therefore, appellee's counsel submitted the proposed judgment entry to the trial court pursuant to Loc.R. 25.01 of the Franklin County Court of Common Pleas. The trial court signed the judgment entry, filed it with the clerk of courts on April 3, 2006, and instructed the clerk to serve notice of the judgment on counsel for the parties. Two days later, the clerk noted on its electronic docket service of notices of a final appealable order on counsel for appellant and appellee. On April 10, 2006, appellee's counsel received the clerk's notice of the final appealable order. Apparently, appellant's counsel did not receive the notice.
 {¶ 4} Appellee's counsel called appellant's counsel in early May 2006 to ask when appellant would satisfy the judgment. Appellant's counsel indicated that he was unaware the trial court had entered final judgment. Therefore, appellee's counsel sent a copy of the judgment entry to appellant's counsel, and shortly thereafter, appellee initiated proceedings to garnish appellant's bank account. On July 7, 2006, appellant deposited $11,472.15 with the court in response to the garnishment proceeding. Appellant never appealed the trial court's April 3, 2006 judgment entry granting summary judgment for appellee. *Page 3 
 {¶ 5} On July 20, 2006, appellant filed a motion for relief from judgment, motion to dismiss and/or stay garnishment, motion to issue proper notice, and motion to stay execution of judgment. In a judgment entry dated July 31, 2006, the trial court: (1) sustained appellant's motion to stay execution of judgment and agreed to hold the money appellant deposited with the court pending final resolution of appellant's motions; (2) denied appellant's motion for relief from judgment; (3) denied appellant's motion to dismiss and/or stay garnishment. The trial court deferred ruling on appellant's motion to issue proper notice pending further briefing by the parties.
 {¶ 6} After considering further briefing by the parties, the trial court entered a judgment entry denying appellant's motion to issue proper notice, on August 30, 2006. The trial court also dissolved its stay on the disbursement of the $11,472.15 to appellee.
 {¶ 7} Appellant appeals the trial court's July 31 and August 30, 2006 judgment entries, assigning the following errors:
 1. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO RE-ENTER THE JUDGMENT AND/OR ORDER THE CLERK OF COURTS TO ISSUE PROPER NOTICE OF THE FINAL JUDGMENT ENTRY TO APPELLANT.
 2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S RELIEF FROM JUDGMENT IN THAT THERE REMAIN GENUINE ISSUES OF MATERIAL FACT.
 3. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT A HEARING ON THE GARNISHMENT.
 {¶ 8} Because appellant's first and second assignments of error are related, we will address them together. By its first assignment of error, appellant contends that the trial court erred when it failed to re-enter the judgment awarding appellee summary *Page 4 
judgment and/or to order the clerk of courts to issue proper notice of the final judgment entry. In essence, appellant argues that the trial court should have vacated the April 3, 2006 judgment, and then re-entered the judgment so that appellant could file a timely appeal. Appellant contends in its second assignment of error that the trial court erred in denying its motion for relief from judgment because it had a meritorious defense to the underlying grant of summary judgment. We disagree with both of appellant's arguments.
 {¶ 9} "It is well-established that every injured party `shall have remedy by due course of law, and shall have justice administered without denial or delay.' The opportunity to file a timely appeal pursuant to App.R. 4(A) is rendered meaningless when reasonable notice of an appealable order is not given." Moldovan v. Cuyahoga Cty. WelfareDept. (1986), 25 Ohio St.3d 293, 295, quoting Section 16, Article I, Ohio Constitution. Moreover, for due process purposes, litigants are entitled to reasonable notice of the trial court's appealable orders.Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 84-85. TheAtkinson court set forth what constitutes reasonable notice for due process purposes:
 [W]e believe that the following rules will meet the due process requirements contemplated by Mullane v. Central Hanover Bank Trust Co.
(1950), 339 U.S. 306, 70 S.Ct. 652. These rules are to be applied in all courts of this state in the exercise of civil jurisdiction at law, or inequity, except as stated in Civ.R. 1(C). The rules are:
 A. Within three days of the entry of any final appealable judgment or order, the clerk of courts shall serve a notice of the entry in any manner provided in Civ.R. 5, upon every party who is not in default for failure to appear.
 B. The clerk shall make a notation in the case docket indicating that the required service has been made. *Page 5 
 C. Once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal.
Id. at 86.
 {¶ 10} The Atkinson decision is the basis for Civ.R. 58(B), which provides:
 When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).
 {¶ 11} Pursuant to Atkinson and Civ.R. 58(B), once the clerk serves a notice of judgment on the parties in a manner prescribed by Civ.R. 5(B) (which includes mailing a notice to the last known address of the person to be served), and the clerk notes that service on its docket, the service is deemed complete. Moreover, the failure of any party to actually receive the notice does not affect the validity of the judgment or the running of the time for appeal. Atkinson, supra, at 86; Civ.R. 58(B).
 {¶ 12} Here, the trial court filed the judgment entry awarding summary judgment in favor of appellee on April 3, 2006. It is undisputed the court's electronic docket indicates that on April 5, 2006, the clerk served the notice of judgment on counsel for the parties. The clerk's records reflect the correct name and address of the parties' counsel. Therefore, pursuant to the express terms of Civ.R. 58(B), service was complete for due *Page 6 
process purposes and appellant's counsel's failure to receive the notice does not affect the validity of the judgment or the running of the time for appeal.
 {¶ 13} Although appellant did not appeal the April 3, 2006 judgment, presumably because it was not aware of the judgment until the appeal time had lapsed, appellant is not without a remedy. The clerk's notation on the docket is only some evidence that the notice was sent — but not conclusive evidence. That evidence can be rebutted. Jackson Twp. v.Stickles (Mar. 21, 1996), Franklin App. No. 95APC09-1264. Where a party contends it did not receive notice of a final judgment, that party may seek relief pursuant to Civ.R. 60(B). State ex rel. Smith v.Fuerst, 89 Ohio St.3d 456, 2000-Ohio-218 (when relator failed to receive mailed notice of final judgment, mandamus to compel clerk to serve notice again will not lie because relator could file a Civ.R. 60(B) motion for relief from judgment and, therefore, had an adequate remedy at law); Hawk v. McCracken (1992), 65 Ohio St.3d 397 (mandamus to compel judge to vacate and re-enter judgment so that relator could timely appeal was denied when relator had a plain and adequate remedy under Civ.R. 60[B]); State ex rel. Dudley v. Logan (Mar. 26, 1999), Trumble App. No. 99-T-0012 (Civ.R. 60[B] motion is the proper procedural mechanism for contesting the service of a notice of judgment). See, also, DeFini v. Broadview Heights (1991), 76 Ohio App.3d 209.
 {¶ 14} Appellant's post-judgment filings included a motion for relief from judgment pursuant to Civ.R. 60(B). Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial *Page 7 
under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. {¶ 15} Therefore, to prevail on a motion brought under Civ.R. 60(B), the movant must satisfy a three-prong test. The movant must show that: (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, where the grounds of relief are Civ.R. 60(B)(1) through (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE Automatic Elec. v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A movant is not entitled to relief if any one of the GTE requirements is not met. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. On appeal, an appellate court reviews a trial court's denial of a Civ.R. 60(B) motion under an abuse of discretion standard. Harris v. Anderson,109 Ohio St.3d 101, 2006-Ohio-1934; State ex rel. Russo v. Deters (1997),80 Ohio St.3d 152, 153; Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v.Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107;Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 8 
 {¶ 16} Appellant moved for relief from judgment pursuant to Civ.R. 60(B)(5) — "any other reason justifying relief from judgment" — based upon its contention that it never received notice of the entry of judgment. In support of its argument, appellant presented affidavits from its three lawyers, a paralegal/administrator, and a secretary. The lawyers all state that they did not receive notice of the judgment in this case. Both the paralegal/administrator and the secretary state that they do not recall receiving or opening a notice of judgment in this case from the clerk. Nevertheless, we find no basis for concluding that the trial court abused its discretion in denying appellant's Civ.R. 60(B) motion.
 {¶ 17} The trial court focused on the first prong of the GTE test — whether appellant, as the moving party, had a meritorious defense or claim to present if relief is granted. The trial court found that appellant sought to re-argue the underlying motions for summary judgment by again asserting that no commissions were due appellee as long as appellant's business was not profitable. As the trial court noted, these arguments were addressed and decided against appellant when the trial court granted appellee summary judgment. Arguments made and rejected in connection with a dispositive motion cannot be resuscitated by trying to show that a meritorious defense exists under the first prong of theGTE test. A Civ.R. 60(B) motion is not a substitute for a timely appeal.Hackman v. Maney, Franklin App. No. 02AP-405, 2002-Ohio-5971; Blasco v.Mislik (1982), 69 Ohio St.2d 684, 686. "In support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by a timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.'" *Page 9 Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399, affirmed (1993),68 Ohio St.3d 39.
 {¶ 18} Because appellant failed to raise any arguments not previously addressed by the trial court in connection with its grant of summary judgment, we find no error by the trial court. Appellant failed to demonstrate a meritorious defense that could not have been raised on appeal of the underlying judgment. Therefore, appellant failed to satisfy the first prong of the GTE test, and the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion.
 {¶ 19} Appellant also argues that its failure to receive notice of judgment violated Civ.R. 58(B), and therefore, the appropriate remedy is for the clerk to issue "proper service" so that appellant can file a timely appeal. Appellant's argument ignores the express language in Civ.R. 58(B) and Atkinson. "The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal." Civ.R. 58(B). The record reflects that within three days of the entry of judgment, the clerk served the notice of final judgment on the party's counsel in a manner provided under Civ.R. 5 and recorded said service on the court's docket. Therefore, for purposes of due process and Civ.R. 58(B), the clerk issued proper service of the notice — even if appellant's counsel did not receive it. The trial court did not err in denying appellant's motion to issue proper notice.
 {¶ 20} Lastly, appellant argues the trial court erred when it found that appellant's counsel "had some obligation to monitor the court docket and assure that no important events went unnoticed." As appellant points out, the rule promulgated by the Supreme Court of Ohio inAtkinson removed this burden from counsel and litigants. Although the *Page 10 
trial court believed that appellant's counsel bore some responsibility for not checking the court's docket to see when the court entered judgment, it does not appear that this belief was part of the trial court's legal analysis. Rather, the trial court was only pointing out that appellant's counsel was aware that a proposed judgment entry had been submitted to the court, and therefore, counsel should have expected the trial court to enter judgment in the very near future. The trial court's legal analysis focused on appellant's failure to satisfy the first prong of the GTE test. As emphasized by the trial court, appellant failed to demonstrate a meritorious defense that could not have been raised on appeal of the underlying judgment.
 {¶ 21} For the foregoing reasons, we overrule appellant's first and second assignments of error.
 {¶ 22} In its third assignment of error, appellant contends the trial court erred when it denied appellant a hearing in connection with the garnishment proceeding. Appellant argues that it is entitled to a hearing pursuant to R.C. 2716.06(C). We disagree.
 {¶ 23} First, R.C. 2716.06(C) addresses only the garnishment of personal earnings. The garnishment at issue here addressed property other than personal earnings. Therefore, R.C. 2716.06(C) is inapplicable.
 {¶ 24} R.C. 2716.13 governs the garnishment of property other than personal earnings. R.C. 2716.13(C)(2) provides that "[t]he judgment debtor may receive a hearing in accordance with this division by delivering a written request for hearing to the court within five business days after receipt of the notice provided pursuant to division (C)(1) of this section." A hearing pursuant to R.C. 2716.13 is limited to consideration of the amount of money or property, other than personal earnings, in the possession or control *Page 11 
 {¶ 25} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER, P.J., and FRENCH, J., concur. *Page 1