{¶ 1} Biswanath Halder has filed a complaint for a writ of mandamus. Halder seeks an order from this court, which requires Gerald E. Fuerst, Cuyahoga County Clerk of Courts, to serve notice of the trial court's denial of a Civ.R. 60(B) motion for relief from judgment, as entered in the underlying action of Haider v. Miller, et al., Cuyahoga County Court of Common Pleas Case No. CV-01-441308. Fuerst has filed a motion to dismiss and/or motion for summary judgment, which we shall treat as a motion for summary judgment. For the following reasons, we grant Fuerst's motion for summary judgment.
 {¶ 2} On November 13, 2006, Halder filed a Civ.R. 60(B) motion for relief from judgment in Haider v. Miller, supra. On November 29, 2006, the trial court denied Halder's motion for relief from judgment and the following entry was entered upon the docket of the Cuyahoga County Court of Common Pleas: "Pltf. Motion #2010406, filed 11-13-06, motion for relief from judgment, is hereby denied. Vol. 3733 Page 0020 notice issued."
 {¶ 3} On September 20, 2007, Halder filed his complaint for a writ of mandamus. Halder alleges that he never received notice of the judgment, which denied his motion for relief from judgment. Halder seeks an order which requires Fuerst to serve notice of the judgment as required by Civ.R. 58(B).
 {¶ 4} In order for this court to issue a writ of mandamus, Halder must demonstrate each prong of the following three-part test: (1) Halder possesses a legal *Page 4 
right to receive notice of the judgment which denied his motion for relief from judgment; (2) Fuerst possesses a legal duty which requires him to provide notice of the denial of the motion for relief from judgment to Halder; and (3) Halder possesses no other adequate remedy in the ordinary course of the law. State ex rel. Ney v. Niehaus(1987), 33 Ohio St.3d 118, 515 N.E.2d 914. Mandamus is not a substitute for an appeal. State ex rel. Keenan v. Calabrese (1994),69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel. Daggett v. Gessaman (1973),34 Ohio St.2d 55, 295 N.E.2d 659. Mandamus will not issue in doubtful cases.State ex rel. Taylor v. Glasser (1977), 50 Ohio St.2d 165, 364 N.E.2d 1;State ex rel. Shafer v. Ohio Turnpike Comm. (1953), 159 Ohio St. 581,113 N.E.2d 14.
 {¶ 5} Herein, Halder has failed to establish the second and third prongs of the aforesaid three-part test. On November 29, 2006, the date that Fuerst sent notice of the denial of the motion for relief from judgment, Halder's address of record was 1918 Coltman Road, Cleveland, Ohio. See Exhibits One and Two as attached to Fuerst's motion for summary judgment. It was not until April 10, 2007, that Halder provided Fuerst with a change of address notice, which reflected Halder's incarceration at the Mansfield Correctional Institution, 1150 N. Main Street, Mansfield, Ohio. See docket entry and notice of change of address, pro se, as docketed and filed respectively in Haider v.Miller, supra, on April 10, 2007.
 {¶ 6} Fuerst possessed no duty to verify that Halder's mailing address was correct for the purpose of providing notice of the denial of the motion for relief from *Page 5 
judgment. Robb v. Smallwood, 165 Ohio App.3d 385, 2005-Ohio-5863,846 N.E.2d 878. In fact, a pro se litigant, such as Halder, possesses the responsibility to inform the trial court or the trial court clerk of any changes in his mailing address. Nalbach v. Cacioppo, Trumbull App. No. 2001-T-0062, 2002-Ohio-53. On November 29, 2006, notice of the denial of the motion for relief from judgment was sent to Halder's address of record, which was 1918 Coltman Road, Cleveland, Ohio. Since service was complete upon mailing, we find that Fuerst properly executed his duty as required by Civ.R. 58(B). The request for mandamus is moot. State exrel. Smith v. Fuerst, 89 Ohio St.3d 456, 2000-Ohio-218, 732 N.E.2d 983;State ex rel. Wilson v. Sunderland, 87 Ohio St.3d 548, 2000-Ohio-479,721 N.E.2d 1055.
 {¶ 7} Finally, Halder possesses an adequate remedy at law, which prevents this court from issuing a writ of mandamus. Halder may employ a Civ.R. 60(B)(5) motion for relief from judgment to demonstrate improper service of the denial of his original motion for relief from judgment.State ex rel. Hartness v. Gaul (Sept. 27, 2000), Cuyahoga App. No. 78392.
 {¶ 8} Accordingly we grant Fuerst's motion for summary judgment. Costs to Halder. It is further ordered that the Clerk of the Eighth District Court serve notice of this judgment upon all parties as required by Civ.R. 58(B).
 Writ denied. *Page 6 
 COLLEEN CONWAY COONEY, P.J., and MARY J. BOYLE, J., CONCUR *Page 1