[Cite as *Auto Connection, L.L.C. v. Prather*, 2011-Ohio-6644.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 96564 and 96736**

## AUTO CONNECTION, LLC

PLAINTIFF-APPELLEE

vs.

## LONNIE PRATHER

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-582066

**BEFORE:** Cooney, J., Blackmon, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 22, 2011

**FOR APPELLANT**

Lonnie Prather
Inmate No. 452-090
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901

**ATTORNEY FOR APPELLEE**

Melvin H. Banchek
Melvin H. Banchek Co., L.P.A.
55 Public Square
Suite 918
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. In this consolidated appeal, defendant-appellant, Lonnie Prather ("Prather"), pro se, appeals the denial of his Civ.R. 60(B) motion for relief from judgment. We find no merit to the appeal and affirm.

{¶ 2} Plaintiff-appellee, Auto Connection LLC ("Auto Connection"), filed suit against Prather for breach of a lease agreement. Larry Sadowski, the sole proprietor of Auto Connection, signed the lease for property Prather owned located at 4321 Pearl Road in Cleveland on December 13, 2002. On that same date, Sadowski paid Prather's

business partner, Angel Copen ("Copen"), $4,000 to cover the first month's rent and security deposit. However, Sadowski never occupied the property because the day after the parties entered into the lease agreement, Prather murdered Copen. When police arrested Prather on December 14, 2002, shortly after the murder, they seized $4,129 in cash from him.

{¶ 3} Auto Connection filed suit against Prather to recover the $4,000. Prather asserted a counterclaim for breach of contract alleging $15,000 in damages. In November 2007, after Auto Connection amended the complaint to include a claim for civil forfeiture, the parties entered into a settlement agreement on the record with Prather participating from prison via video conference. Prather stipulated that, to the extent he is entitled to the return of the money, the clerk could distribute it to Auto Connection's attorney, who would pay one-half to Sadowski, and the other one-half to Prather. The agreement also required Auto Connection's attorney, Melvin Banchek, to draft an entry directing the clerk of court to disburse the funds. After the parties memorialized the agreement, the court dismissed all claims without prejudice.

{¶ 4} Unfortunately, the court could not approve the entry because the Cleveland police, rather than the clerk of courts, possessed the money. In its journal entry dated October 28, 2010, the court noted that other individuals and entities such as the city of Cleveland, the payor of the checks, USA Auto LLC (an entity Sadowski had an interest

in), and the estate of Angel Copen, may have a legal right to the funds, but they were not parties to the lawsuit. The court's order concluded that

> "The only thing the parties' stipulation accomplished is to agree to their respective interests in the event one or both of them is entitled to the money. Beyond that, as noted above, the court is without jurisdiction to declare the rights and obligations of the possessor of the money and other non-parties to this lawsuit who may claim an interest."

{¶ 5} In November 2010, Prather filed a motion for relief from judgment. The court granted the motion, reinstated all the claims, and set the case for trial. In its November 24, 2010 entry vacating the prior judgment, the court stated, in part:

> "The plaintiff's complaint and the defendant's counterclaim — are reinstated to the court's active docket and set for a trial as follows: Trial by jury set for 1/6/11 at 01:15 P.M. Failure to appear of a party with an affirmative claim will result in that claim being dismissed for want of prosecution. Failure to appear of a party defendant against an affirmative claim may result in a judgment against the non-appearing party. * * * Notice Issued."

{¶ 6} The trial proceeded as scheduled. Sadowski was present with his attorney on behalf of Auto Connection. Prather was not present because he was incarcerated. The docket indicates that despite having been previously granted leave to appear by video conference, Prather never pursued appearing by video conference for this new trial date.

{¶ 7} At the conclusion of the trial, the court found that Sadowski was the real party in interest. Although the checks paid to Angel Copen were drawn on an account with the name USA Auto, LLC, the testimony established that USA Auto never existed and that the payments were actually from Sadowski himself. The court further found that

"the lease was entered into under duress. Sadowski testified that he signed the lease under threat of bodily harm. The credibility of that threat was proved within a day or two of signing the lease when Prather murdered Angel Copen. Therefore, the lease may be avoided [sic] and the plaintiff is entitled to the return of his payments, for which he received no value."

{¶ 8} The court entered judgment in favor of Sadowski against Prather in the amount of $4,000, with interest at the statutory rate beginning December 13, 2002, and court costs. The court also entered judgment in favor of Sadowski on Prather's counterclaim.

{¶ 9} Prather subsequently filed three motions for relief from judgment within a period of six weeks. The court denied the motions, and Prather filed these two consolidated appeals.

{¶ 10} In both appeals, Prather argues the trial court erred in denying his motions for relief from judgment. In each appeal, Prather presents a different argument set forth in a single assignment of error.

{¶ 11} An order denying a motion for relief from judgment will not be reversed absent an abuse of discretion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment. *GTE Automatic*

*Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. Failure to satisfy any one of the three prongs of the *GTE* decision is fatal to a motion for relief from judgment. *Rose Chevrolet, Inc.* at 20.

{¶ 12} In the first appeal, Prather argues the court failed to provide him notice of the trial date, which precluded his participation at trial. In the second appeal, Prather argues the court should have vacated the final judgment because he did not receive timely notice of the final judgment after trial and was prevented from filing a timely notice of appeal. Prather does not dispute that the court issued notices but asserts he was prejudiced because he never received notice.

{¶ 13} Civ.R. 58(B) requires that, "[w]hen the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket." Once the notice is served and noted on the docket, a party's failure to receive the notice does not affect the validity of the judgment or the running of the time for appeal. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, paragraph 2(c) of the syllabus. On the other hand, if notice is not served or noted on the docket, the time for appeal does not begin to run. *In re Anderson,* 92 Ohio St.3d 63, 67, 2001-Ohio-131, 748 N.E.2d 67.

{¶ 14} Prather's arguments are similar to those argued by the appellant in *Leonard v. Delphia Consulting, LLC*, Franklin App. No. 06AP-874, 2007-Ohio-1846. In *Leonard*, the court granted summary judgment to the plaintiff on April 3, 2006. On April 5, 2006, the clerk of courts noted on the court's electronic docket that notice of a final, appealable order was served on the parties. The defendant did not appeal this order. Rather, on July 20, 2006, the defendant filed a motion for relief from judgment, alleging that it never received the notice of the adverse summary judgment ruling. The trial court denied defendant's motion, and defendant appealed. Id. at ¶1-5.

{¶ 15} The appellate court affirmed the trial court's denial of the defendant's motion for relief from judgment, holding that the defendant "failed to demonstrate a meritorious defense that could not have been raised on appeal." Id. at ¶18. The court also noted that:

> "once the clerk serves a notice of judgment on the parties in a manner prescribed by Civ.R. 5(B) (which includes mailing a notice to the last known address of the person to be served), and the clerk notes that service on its docket, the service is deemed complete. Moreover, the failure of any party to actually receive the notice does not affect the validity of the judgment or the running of the time for appeal."

Id. at ¶11, citing *Atkinson* and Civ.R. 58(B). See, also, *MBA Realty v. Little G, Inc.* (1996), 116 Ohio App.3d 334, 338, 688 N.E.2d 39 ("the burden is on the parties to follow the progress of their own case"); *P. Maynard v. C. Maynard* (Feb. 11, 1982), Cuyahoga App. No. 43642, (appellant "was duty bound to keep abreast of the docket entries").

{¶ 16} Although many practitioners rely on receipt of Civ.R. 58(B) notices to initiate further action, it is a better practice to regularly inspect the electronic docket since many notices, for one reason or another, fail to timely reach their intended recipients.

{¶ 17} According to the record, the clerk of courts issued notice of the trial date in its entry dated November 24, 2010, more than one month before trial. The case proceeded to trial as scheduled on January 6, 2011. On January 7, 2011, the clerk issued notices that the trial proceeded ex parte. Moreover, according to Prather's affidavit attached to his second motion for relief from judgment, he admits that on January 14, 2011, he received "a post card stating that this case was called for trial on January 6, 2011." Since the notice of final judgment was not entered on the docket until January 13, 2011, Prather had 29 days in which to file his notice of appeal and was not prejudiced by any delay in notice of the final disposition of the case.

{¶ 18} Furthermore, Prather failed to demonstrate a meritorious claim or defense to present if relief were granted. Civ.R. 60(B)(1); *Leonard* at ¶18. Indeed, Prather failed to even allege that he has a valid claim or defense. Therefore, he failed to meet the requirements set forth in *GTE* necessary to prevail on a motion for relief from judgment under Civ.R. 60(B).

{¶ 19} Accordingly, both assignments of error in these appeals are overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
SEAN C. GALLAGHER, J., CONCUR