[Cite as *State v. Stanley*, **2013-Ohio-306.**]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                :

    Plaintiff-Appellee               :              C.A. CASE NO.    2012 CA 17

v.                                          :              T.C. NO.    05CR78

LOTTIE MAE STANLEY                          :                (Criminal appeal from
                                                          Common Pleas Court)

    Defendant-Appellant              :

                                           :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___1st___ day of ___February___, 2013.

. . . . . . . . . .

STEPHANIE R. HAYDEN, Atty. Reg. No. 0082881, Assistant Prosecutor, 55 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

LOTTIE MAE STANLEY, #06186-067, FMC Carswell Medical Center, P. O. Box 27137, Fort Worth, Texas 76127
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    This matter is before the Court on the pro se Notice of Appeal of Lottie M.

Stanley, filed February 6, 2012. Stanley appeals from the December 20, 2011 denial of her "Motion to Run Terms of Imprisonment Concurrent." We hereby affirm the judgment of the trial court.

{¶ 2} On July 15, 2005, Stanley pled no contest to one count of receiving stolen property, in violation of R.C. 2913.51(A), one count of theft, in violation of R.C. 2913.01(A)(3), and two counts of forgery, in violation of R.C. 2913.31(A)(3), all felonies of the fifth degree. The plea form, signed by Stanley, provides: "In consideration of the Defendant's pleas of no contest to the charges in the indictment, the State of Ohio would stipulate 1 year sentence to run consecutive to sentences the Defendant is currently serving in the State and Federal system." The Judgment Entry of Conviction provides that "Defense counsel and the prosecutor's office have agreed to disposition in accordance with O.R.C. §2953.08(D)." Stanley was sentenced to 12 months. Specifically, she was sentenced to six months on each offense, with the sentences for theft and forgery to run concurrently to each other but consecutively to the six month sentence for receiving stolen property. The aggregate 12 month sentence was ordered to be served consecutively to a previously imposed federal sentence. In a direct appeal, Stanley asserted that her pleas were involuntary. However, this Court affirmed her conviction and sentence on July 21, 2006.

{¶ 3} Stanely filed her "Motion to Run Terms of Imprisonment Concurrent" on December 14, 2011, asserting that "as a result of the consecutive sentence to be served in this case, Petitioner will be subject to an excessive term of incarceration which is not in the interest of justice and which would not be cost effective in the interest of the general public." In its Judgment Entry, the trial court noted that the "Supreme Court of Ohio has recognized

that a trial court lacks authority to reconsider its own valid final judgment in a criminal case, unless the sentence is void or to correct a clerical error. State, ex rel., Cruzado v. Zaleski (2004), 111 Ohio St.3d 353." The court noted that Stanley did "not suggest the sentence is void or that there is a clerical error." The court concluded that it "is without jurisdiction to decide this motion."

{¶ 4} We initially note that the State asserts that Stanley's appeal from the trial court's decision is untimely. We disagree. We find that the order overruling Stanley's "Motion to Run Terms of Imprisonment Concurrent" to be final and appealable as it stems from a postconviction proceeding. *See, e.g., State v. Reynolds*, 5th Dist. Richland No. 09-CA-13, 2009-Ohio-3998. An action for postconviction relief is a civil proceeding. *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984).

{¶ 5} App.R. 4(A) provides that "[a] party shall file the notice of appeal * * * within thirty days of the later of entry of the judgment or order appealed *or*, *in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.*" (Emphasis added.)

{¶ 6} Civ.R. 58(B) mandates that a trial judge direct "the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." Service then becomes complete only upon the clerk serving the parties and noting such service in the appearance docket. In the present matter, the trial court did not expressly order the clerk to serve the notice of the judgment to the parties, nor did the clerk issue notice of the order to the parties. Therefore, the time for filing a notice of appeal, pursuant to App.R. 4(A), never began to run. *See In re Anderson*, 92 Ohio St.3d 63, 67, 748

N.E.2d 67 (2001).

{¶ 7} Stanley's brief does not set forth specific assigned errors. She "'Prays' this Honorable Court grant her State of Ohio Sentence to run with her Federal Sentence." R.C. 2953.08 governs appeals based on felony sentencing guidelines, and R.C. 2953.08(D)(1) provides that a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 8} Stanely's sentence is authorized by law. R.C. 2929.14(A)(5). Her sentence was recommended jointly by the State and Stanley, and it was imposed by a sentencing judge.

{¶ 9} Further, the Ohio Supreme Court, in *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), syllabus at ¶ 9, determined:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

{¶ 10} Stanley did not raise any issues with respect to the stipulated sentence in her direct appeal, and her argument regarding her sentence is barred by the doctrine of res judicata.

{¶ 11} The judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J., dissenting:

{¶ 12} I agree that the trial court's denial of the defendant's "Motion to Run Terms of Imprisonment Concurrent" should not be disturbed. I write separately to express my opinion that the appeal is untimely and should be dismissed.

{¶ 13} I would not construe the defendant's "Motion to Run Terms of Imprisonment Concurrent" to be a petition for post-conviction relief. R.C. 2953.21(A)(1)(a) provides that "one who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶ 14} The defendant's motion does not specifically raise any constitutional issue. The only reference in the motion that arguably could be construed to raise a constitutional issue is "[t]hat as a result of the consecutive sentence to be served in this case, Petitioner will be subject to an excessive term of incarceration which is not in the interest of justice and which would not be cost effective in the interest of the general public." I would not construe that language to claim denial of a constitutional right to be free from cruel and unusual punishment, and I cannot conceive of any other constitutional right that would apply. The tenor of the motion is a request to modify the sentence to make it concurrent with the federal sentence the defendant is serving. Without any argued or apparent constitutional issue, I do not believe the motion qualifies as a petition for post-conviction relief. Therefore, the time for appeal of the trial court's decision began to run on the date of the decision,

December 20, 2011, and the filing of the Notice of Appeal on February 6, 2012 was too late. That would not prevent the defendant from seeking leave to file a delayed appeal under App. R. 5(A)(1)(a), but he has not done so. Rather than affirm, I would dismiss the appeal as untimely.

{¶ 15} I am constrained to note that characterizing a post-conviction pleading as a petition for post-conviction relief under R.C. 2953.21 instead of some sort of criminal motion can be a delicate and, for the defendant, a disastrous determination. The line between a post-conviction criminal motion and an R.C. 2953.21 petition is not always clear. For instance, if a defendant's pleading is a request to vacate his plea for reasons that are of constitutional dimension, is that a motion to withdraw his plea under Crim.R. 32.1, for which one set of rules and legal analysis applies,[1] or is that a petition for post-conviction relief for which the specific statutory procedure and analysis apply?[2] There is a myriad of other motions that convicted defendants file, and some pleadings can, and should, be characterized as petitions for post-conviction relief and some not.

---

[1] Crim. R. 32.1 allows the withdrawal of a plea after conviction only "to correct manifest injustice." The defendant must establish manifest injustice, the motion is addressed to the sound discretion of the trial court, and relief is "allowable only in extraordinary cases" *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

[2] Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23 and Crim R. 35. The petition must be filed within the later of 180 days after expiration of the time for appeal, if there is no direct appeal, or 180 days after filing of the trial transcript in the court, if an appeal was taken. There are statutory exceptions to the time requirement. The petition is considered a collateral civil attack on the judgment. *State v. Steffan*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). By statute, either party may move for summary judgment. R.C. 2953.21(D).

{¶ 16} Whether a pleading is correctly characterized as a criminal motion or a petition for post-conviction relief is critical for appellate review. If the trial court correctly decides the defendant's request is a criminal motion and provides a copy of its decision to both the State and the defendant at the time of filing, as is routine in this district, the time for appeal begins to run upon filing of the decision. If the trial court correctly decides the defendant's request is a petition for post-conviction relief, but the court *does not* include *Civ.R. 58(B)* language in the ruling directing the clerk to serve the parties and to note that upon the docket, as is also common but not universal in this district, then the case law in this and other districts is that the time for appeal never begins to run.[3] This result applies even if the defendant actually receives the decision because, under App. R. 4, "in a civil case" the time for appeal starts upon compliance with Civ.R. 58(B).[4] But if the trial court rules on a petition for post-conviction relief, and includes a Civ.R. 58 order with which the clerk promptly complies, the time for appeal begins regardless of whether the defendant actually receives the decision. See Civ R. 58(B); *Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80, 523 N.E.2d 851 (1988), paragraph 2(c) of the syllabus; *Leonard v. Delphia Consulting*, 10th Dist. Franklin No. 06AP-874, 2007-Ohio-1846. That is my lament.

{¶ 17} Virtually all petitions for post-conviction relief are for the incarcerated, and

---

[3] *State v. Stevens*, 2d Dist. Montgomery No.16562, 1998 WL 310739 (June 12, 1998); *State v. McKinney*, 3d Dist. Defiance No. 4-11-01, 2011-Ohio-3521; *State v. Church*, 5th Dist. Morgan No. 08-CA-0001, 2008-Ohio-1917; *State v. Taylor*, 6th Dist. Erie No. E-02-045, 2003-Ohio-3682; *State v Williams*, 10th Dist. Franklin No. 06AP-842, 2006-Ohio-842.

[4] If I were deciding the issue in the first instance, I would not apply Civ.R. 58 to a petition for post-conviction relief because of the difficulty in characterizing post-conviction proceedings, particularly when filed pro se, and the unfortunate collateral effect of exclusion from appellate review of many post-conviction rulings because of the vagaries of prisoner mail delivery and a prisoner's ability to create, mail, and file a timely notice of appeal. But the case law applying Civ.R. 58 to an R.C. 2953.21 petition is well established.

the vast majority are pro se. Mailing to a prisoner, even assuming that he or she remains at the same facility, can be spotty. Adding to the uncertainty is that a prisoner must create, mail, and timely file a notice of appeal in a relatively short time frame. Even when a prisoner receives a decision late and makes all reasonable efforts to file an appeal, the court of appeals lacks jurisdiction to consider an appeal that may be a day or two late because it cannot extend the time for appeal. App.R. 14(B) ( "The court may not enlarge or reduce the time for filing a notice of appeal[.]") At least if the proceeding is considered a criminal action, the appellant may apply for a delayed appeal under App.R. 5(A)(1)(a), which could be granted if the defendant demonstrates "'a reasonable explanation of the basis for failure to perfect a timely appeal.'" *State v. Evans*, 10th Dist. Franklin No. 09AP-1028, 2010-Ohio-4090, ¶5 (Citation omitted). But the Ohio Supreme Court long ago determined that App.R. 5 and the ability to request a delayed appeal does not apply to a post-conviction relief petition. *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984).

{¶ 18} In my view, the appellate rights of incarcerated individuals dealing with constitutional issues in post-conviction relief petitions would be better protected if they were permitted to seek leave to file a delayed appeal, provided they could demonstrate just cause. The case law, the Appellate Rules, or the post-conviction relief statute should be modified to achieve this result.

. . . . . . . . . .

FAIN, J. concurring:

{¶ 19} I concur fully in Judge Donovan's opinion for the court. I write separately to indicate that I agree with much of what Judge Hall has set forth in his dissent. I

specifically agree that App.R. 5 should be amended to include appeals from post-conviction relief decisions within the scope of permissible motions for delayed appeal.

. . . . . . . . . .

Copies mailed to:

Stephanie R. Hayden
Lottie Mae Stanley
Hon. Stephen A. Wolaver