[Cite as *State v. Morrison*, 2014-Ohio-4885.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-T-0063** |
| DEAN MORRISON, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 06 CR 756.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Dean Morrison,* pro se, PID# A541-243, Grafton Correctional Institution, 2500 South Avon Belden Road, Grafton, OH 44044 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} This matter is before the court on appellant, Dean Morrison's, July 24, 2014 Motion for Leave to File a Delayed Appeal from the January 6, 2014 Judgment Entry of the trial court, denying his Petition for postconviction relief. Along with his request for leave, Morrison submitted a Notice of Appeal from the January 6 Entry, which the trial court docketed on the same date. Appellee, the State of Ohio, has not filed a response in opposition.

**{¶2}** App.R. 4(A)(1) requires that a notice of appeal must be filed within thirty days of the entry of a final judgment. Delayed appeals are only available in the classes of cases outlined by App.R. 5(A)(1)(a)-(c):

> After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases: * * * Criminal proceedings; * * * Delinquency proceedings; and * * * Serious youthful offender proceedings.

**{¶3}** Since postconviction proceedings are considered quasi-civil in nature, the Ohio Supreme Court has expressly held that an App.R. 5(A) delayed appeal is not available for an appeal of a postconviction relief determination. *State v. Nichols*, 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (1984). Thus, generally, a delayed appeal would not be permitted in this case, in which the notice of appeal was untimely by over five months.

**{¶4}** Morrison contends, however, that he never received a copy of the January 6 Entry from which he seeks to appeal. Morrison provided an affidavit from the Unit Manager for Grafton Correctional Institution, where he is currently incarcerated, stating that Morrison did not receive legal mail in the month of January 2014 and the January 6 Entry was not received at the Institution.

**{¶5}** Based on the foregoing, Morrison filed a Motion to Reissue the Entry in the trial court, opposed by the State, which was denied on June 13, 2014. The court held that Morrison failed to seek an appropriate remedy for his alleged failure to receive a copy of the Entry.

**{¶6}** App.R. 4(A)(3) provides that "[i]n a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B),

2

the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."

{¶7}  Pursuant to Civ.R. 58(B), "[w]ithin three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket." Service is complete when the clerk has served the notice and entered a "notation of the service in the appearance docket." *Id.*

{¶8}  In the present matter, the court directed the clerk to serve Morrison, as the January 6 Entry contained instructions to serve a copy upon "the parties who are unrepresented [i.e., Morrison] forthwith by ordinary mail." A review of the trial court's docket reveals a notation that on January 8, 2014, "copies to: pros[ecutor], D. Morrison." Morrison himself asserts that the docket shows he was mailed the Entry, although it did not arrive at the Grafton Correctional Institution. It has been held that "[t]he failure of any party to receive [notice of a judgment] shall not affect the validity of the judgment or the running of the time for appeal." *Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80, 86, 523 N.E.2d 851 (1988). The circumstances of this case indicate that the clerk took the steps required under the Civil Rules to serve the Entry.

{¶9}  However, this court has held that a party may be entitled to have the trial court's judgment vacated when "he did not receive actual notice of a final judgment" and is able to refute the evidence of service of judgment. *State ex rel. Dudley v. Logan*, 11th Dist. Trumbull No. 99-T-0012, 1999 Ohio App. LEXIS 1220, 4 (Mar. 26, 1999). While it may be proper to consider evidence as to whether Morrison received the Entry, as this court and others have emphasized, a "Civ.R. 60(B) motion is the proper procedural mechanism for contesting the service." *Id.* at 5; *Leonard v. Delphia*

3

*Consulting, LLC*, 10th Dist. Franklin No. 06AP-874, 2007-Ohio-1846, ¶ 13 ("[w]here a party contends it did not receive notice of a final judgment, that party may seek relief pursuant to Civ.R. 60(B)"); *State ex rel. Halder v. Fuerst*, 8th Dist. Cuyahoga No. 90442, 2007-Ohio-5938, ¶ 7 (the defendant "may employ a Civ.R. 60(B)(5) motion for relief from judgment to demonstrate improper service" of the judgment entry). Morrison did not take such action here to have the Judgment Entry vacated.

{¶10} Based on the facts before this court, we find no basis for allowing the delayed appeal.

{¶11} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.